## LINN, Garnishee, *vs.* TAYLOR & CO.

[ATTACHMENT BY GARNISHMENT.]

1. *Garnishment; revivor of cause on death of contestant.*—If the contestant, in a proceeding by garnishment, appears and propounds his claim, (Revised Code, § 2978, (2550,) and afterwards dies before the contest is ended, it is the duty of the plaintiff, and not the garnishee, to have the cause revived against the personal representatives of the contestant ; and until it is so revived, no judgment can be rendered against the garnishee.

APPEAL from the City Court of Montgomery.
Tried before the HON. T. M. ARRINGTON.

Wm. Taylor & Co., the appellees, instituted their suit by attachment in the county court (now city) of Montgomery, against Ezekiel Donnell, a non-resident, and on the 21st day of December, 1860, the sheriff of Montgomery county executed the attachment, by summoning Charles Linn, the appellant, as garnishee, to answer as to his indebtedness to the non-resident defendant. Linn answered admitting his indebtedness, but stated that the indebtedness was claimed by another non-resident, one J. R. Donnell, to whom, as

was alleged, the indebteness of Linn had been transferred.
Whereupon, by notice, this claimant, or contestant, as he is
called in the opinion of the court, was duly brought into
court to contest with the plaintiff as to the validity of the
claim.   At the October term, 1864 of the court, the death
of the claimant was suggested, and the cause was continued
from term to term until the June term, 1867, when the
court, on motion of the plaintiff, abated the cause as to
said claimant, and rendered judgment against the garnishee,
having first overruled the motion of the garnishee to be
discharged.   The other facts are stated in the opinion of
the court.   The garnishee appealed, and assigned as error,
amongst other things—first, that the court rendered judg-
ment against him as shown in the judgment entry ; second,
that the court rendered judgment without bringing before
the court the representative of the alleged transferree ;
third, that the court refused to discharge the garnishee, as
shown in the bill of exceptions.

JOHN A. ELMORE, and WATTS & TROY, for appellant.—1.
The record does not show that upon the appearance of the
transferree, the plaintiff made the necessary allegation
against him, but the cause was continued for many terms,
and no allegation was ever made by the plaintiff.   It was
then a discontinuance by the plaintiff of the suit against
the assignee, and an abandonment of the pursuit of the
garnishment ; and the garnishee should have been dis-
charged.— *Goodwin v. Brooks*, 6 Ala. 836 ; *Mock v. King*,
15 Ala. 66.

2. No judgment can be rendered against the garnishee,
when his answer discloses a claimant to the debt or fund,
and a contest has arisen about the title or interest in the
money or goods, until that contest has been disposed of.
The statute expressly says none shall be rendered against
the defendant in attachment, and the same reason exists
why none should be rendered against the garnishee.   To
that effect are the decisions in our court.—See Revised
Code, § 2986, (2558 ;) *Evans v. Norman*, 14 Ala. 662 ; *Suth-
erlin v. Norman*, 14 Ala. 662 ; *Saunders v. Garrett*, 33 Ala.
Rep. 454.

3. The plaintiffs, by suffering the proceeding against the assignee to abate, abandoned the pursuit of the garnishment. They discontinued the contest with the assignee. That suit had abated, and that contest about the title or interest in the money or debt had not been settled, and no judgment could be rendered against the garnishee until that question was settled.—See Revised Code, and authorities cited on second point, *supra*.

4. The plaintiffs, on the suggestion of the death of the transferree, ought to have sued out a *scire facias* to his representatives.—See Old Code, §§ 2146, 2148, 2557; see New Code, §§ 2542-4, 2985, 2986.

6. It devolved upon the plaintiffs to revive, and he can claim no benefit from his own fault or negligence. If there was no administrator, they could have had one appointed. They waited more than eighteen months after the death of the claimant, and after the suggestion on the record of his death, and then abated their suit as to him. The court should reverse and render final judgment in this court discharging the garnishee.—See *Flash, Hartwell & Co. v. Paul, Cook & Co.*, 29 Ala. 146; *McAdams v. Barr. & Henderson*, 34 Ala. 478.

RICE, SEMPLE & GOLDTHWAITE, *contra.*—1. The garnishee, even if entitled to appeal, clearly has no right to reverse the judgment—which is a complete protection to him, and can not, in any legal sense, be said to *injure* him. He has no *interest* which entitles him to a reversal.

2. The right to revive, where the contestant dies, is not given to the plaintiff, but only to the legal representative of the contestant.—Code, § 2558.

3. But however the law may be on the next preceding point, the right to revive is barred by the lapse of more than eighteen months after contestant's death and its suggestion, without any revivor or offer to revive in the name of the legal representative of the contestant. The *bar* is a plainly *implied* bar, which is as effectual as an *express* bar.—*Hollinger v. Holly*, 8 Ala. Rep. 459; Code, § 2146.

This failure to revive, for more than eighteen months, this bar, justified the court in disposing of the claim of

the contestant, and in treating his claim as disposed of, as the court did do in this case.

BYRD, J.—By section 2546 of the Code of 1853, the plaintiff is authorized to controvert the answer of the garnishee, and an issue is to be made up under the direction of the court, in which the plaintiff must allege in what respect the answer is untrue. In this case no such proceeding was had on the filing of the answer. Nor do we intend to intimate that it should have been controverted in order to authorize the plaintiff to have the notice issued to the alleged transferree of the debt, and subject it to the payment of the debt due from the defendant in attachment or judgment.

Section 2549 of the same Code, requires the court to suspend proceedings against the garnishee whenever, by his answer, it appears he has been notified that another person claims title to, or an interest in, the debt or property which by the answer is admitted to be due or in possession of garnishee, and cause a notice to issue to such person, to appear at the next term of the court, and contest with the plaintiff the right to the money or property.

Section 2550 provides that if such person appear, he must be required to propound his claim in the property or debt in writing, and make oath thereto, upon which the plaintiff must take issue in law or in fact, and if the issue is found for the plaintiff, judgment must be rendered against the garnishee on his answer ; if for the contestant, the garnishee must be discharged. In this case the contestant, as he is called in the Code, appeared at the term of the court to which he was cited and propounded his claim according to the requirements of the Code. Several terms thereafter, his death was suggested without any issue having been taken by plaintiff as required by the statute. And in 1867, the court below, without having made any order reviving the cause against the personal representative of the contestant, abated it as to him and rendered judgment final against the garnishee.

By section 2557, it is provided that if the contestant die after notice to appear and contest with the plaintiff the

Linn, Garnishee, v. Taylor & Co.

right to the money or property in the hands of the garnishee, the suit may be revived in the name of his legal representatives.

In the case of *Mock v. King*, 15 Ala. 68, this court, in construing statutes having similar provisions to those of the Code, say : " But it is the duty of the plaintiff to proceed with proper diligence in bringing such transferree before the court. If he neglect to have such notice issued until several terms after the answer of the garnishee has elapsed, the court may, in the exercise of the discretion which is vested in the judge over the subject of continuances, refuse to grant a continuance, and may discharge the garnishee, if his answer does not warrant a judgment against him." And in that case the court sustained the ruling of the court below in discharging the garnishee. If it is the duty of the plaintiff, and not of the garnishee, to have the notice issued to the supposed claimant, then it would seem to follow that it is the duty of the plaintiff and not the garnishee, to have the cause revived against the personal representative of the contestant, when the latter dies before the contest is ended. And until it is so revived, no judgment can be rendered against the garnishee. Under the view we take of this cause, we can not see what damage resulted to the appellant from the abatement of the cause, on the motion of plaintiff, as to the contestant ; and the exception to the ruling of the court below on this matter, raises, at most, a question of error without injury. Upon the abatement of the cause as to the contestant, on the motion of the plaintiff, the garnishee was entitled to be discharged upon the motion made by him.—See authorities on brief of counsel for appellant ; also, see section 2542, Revised Code.

And the cause as to the judgment against the garnishee is reversed, and this court, proceeding to render such judgment as the court below should have rendered, orders and adjudges that appellant be discharged, and that appellee pay the costs of this court, and the costs of the court below accruing on the garnishment proceedings.