U. M. GILDER AND WIFE v. J. E. HEARNE.

No. 6698.

1. **Usury.**—A loan of $1200 was made; the borrower for such loan made his note for $1380 and bearing 12 per cent per annum interest. The note was usurious.

2. **Usury Contract Void as to Interest.**—The rule is that where the statute declares a usurious contract void it gathers no vitality by its circulation in respect to the parties executing it, and it is void in the hands of an innocent purchaser.

APPEAL from McLennan. Tried below before Hon. Eugene Williams. The facts appear in the opinion.

*Herring & Kelley*, for appellants, cited Harrison v. Reigor, 64 Texas, 90; Jackson v. Cassaday, 68 Texas, 282; Rev. Stats., art. 2978.

*Alexander, Winter & Dickinson*, for appellee.— 1. The contract was not usurious, because it was not a contract to pay interest for the detention of money, but to pay a larger price for material and labor on account of the time given appellants by the building association. Rev. Stats., art. 2972; Shirkey v. Hunt, 18 Texas, 883; Jones v. Porter, 29 Texas, 456; Case v. Fish, 15 N. W. Rep., 808.

2. Appellee took the note before maturity for value, without any notice of any agreement on the part of the building association that appellants would not have to pay the difference between $1200, the value of the material furnished, and $1380, the amount of the note, and can not be affected by it. Watson v. Flanagan, 14 Texas, 354; McAlpine v. Finks, 18 Texas, 834; Davis v. Loftin, 6 Texas, 500; Huffman & Co. v. Bank, 12 Wall., 181.

HOBBY, JUDGE.—This suit was brought by the appellee, J. E. Hearne, against U. M. Gilder and wife, to recover a balance of $147.19 due on a note executed by the appellants to the Waco Building Association on May 17, 1883, and transferred to Hearne on April 28, 1886. The note was secured by a lien on a lot in the town of Gatesville, Texas. The Waco Building Association was joined as a defendant in the suit.

There was a plea of payment by the defendants, failure of consideration, usury, fraud on the part of the payee in procuring the note for $1380 when only $1200 was received, that the note was transferred to plaintiff, Hearne, after maturity with notice of all defenses, etc.

The cause was tried by the court without the intervention of a jury. Judgment was rendered against U. M. Gilder for $184.99, with foreclosure of the lien on the lot. This judgment is before us on appeal.

The second assignment is that "The court erred in holding that the contract sued on was not affected with usury."

It appears from the proof that the appellant received only as the con-

sideration for which the note was given the sum of $1200. The note, however, was for $1380, and bore 12 per cent interest from its date. The facts show that it was such a contract as is in law termed usurious, and is therefore under our statute "void and of no effect for the whole rate of interest." Rev. Stats., art. 2979.

But it is claimed by the appellee that there is "nothing on the face of the note or the lien given to secure it which put the appellee upon notice that appellants would not have to pay the difference between $1200 and the amount of the note, $1380 (the excessive interest)."

If it be true, as claimed by the appellee, that the note was transferred to him before maturity for value, and without notice of the fact that it was tainted with usury, still the rule is that where the "statute declares a usurious contract void it gathers no vitality by its circulation in respect to the parties executing it," and it is void in the hands of an innocent holder. 1 Dan. Neg. Inst., sec. 197; Thompson v. Samuels, 14 S. W. Rep., 145. So it is immaterial whether the note was transferred to appellee before or after maturity.

We think therefore that the court erred in not holding the contract "void and of no effect" for the interest because it was usurious, and that the judgment should be reversed and the cause remanded.

*Reversed and remanded.*

Adopted December 16, 1890.

Presiding Judge Acker did not sit in this case.