JAMES A. CAMPBELL v. S. E. JONES.

No. 203.

1. **Void Note—Illegal Consideration.**—A note given to a liquor dealer in payment for liquors sold by him to an habitual drunkard, or to any person after having received notice from the wife, mother, sister, or daughter not to sell such person intoxicating liquors, is void for want of good consideration, in the hands of the original payee.

2. **Habitual Drunkard — Definition.** — It was error to define the term habitual drunkard, in a suit on such a note, as "one whose mind had become so impaired by the use of intoxicating liquors or drugs, that he is incapable of taking care of himself or property." This is the definition in the statute relating to guardianship, and is for the purpose of determining when a guardian of the person and estate shall be appointed, and does not apply to the meaning of the term when used in the statute providing for the execution of a bond by a liquor dealer. It is here used in its common acceptation, and the capacity of the person to take care of himself or property is not in issue.

3. **Innocent Holder of Note.**—If the plaintiff is holder of the note in good faith for value, and received in the usual course of business, he is unaffected by the fact that it was executed for an illegal consideration, unless the transaction is expressly denounced under penalty.

4. **Illegal Consideration Against Bona Fide Holder.** — When the act out of which the consideration arose has been expressly prohibited by statute under a penalty, the defense has been held to apply to an innocent holder of the

note, as in case of usury; but in this case there is no distinct prohibition of the sale of intoxicating liquors to an habitual drunkard, nor is there any declaration that a note given for such consideration shall be void, and it is therefore void only between the parties.

5. Liquor Dealer's Bond—Penalties for Violation.—The purpose of the statute in requiring a bond from a liquor dealer, with the conditions prescribed, was to prevent the sale of liquors to the prohibited classes of purchasers named. A sale, then, in violation of the conditions of the bond. is a sale in violation of law, and the consideration for such sales would be illegal because growing out of a transaction sought to be prohibited by law; and not only may recovery be had of the statutory penalty, but the recovery of the consideration money by the seller may be defeated.

APPEAL from Cherokee. Tried below before Hon. FRANK B. GUINN.

*McClure & Gibson*, for appellant.—The court erred in defining what was an " habitual drunkard," and in refusing to give the special charge asked by defendant, which he insists is the correct definition of what is meant by " habitual drunkard." Bouv. Law Dic.; 9 Am. and Eng. Encycl. of Law, 258, 259, and authorities; State v. Pratt, 34 Vt., 223; Still v. Mc-Night, 7 W. & S. Pa., 245; Ludivich v. Commonwealth, 18 Pa., 172; In re Paige, 1 Paige (N. Y.), 580; Commonwealth v. McNama, 112 Mass., 285; 6 Am. and Eng. Encycl. of Law, 34, 35.

Was the contract void or voidable? We submit it was void. Any contract made that is contrary to public policy, or is immoral, or in other respects tends to the detriment of the public, or if it affects the interest, feelings, or character of a third person, is void and can not be enforced. No subsequent ratification of an illegal and void contract can make it valid. Seeligson v. Lewis & Williams, 65 Texas, 215; Davis v. Sittig, 65 Texas, 497; Monroe v. Smelly, 25 Texas, 586; Armstrong v. Toler, 11 Wheat., 261; 9 Am. and Eng. Encycl. of Law, 928, 929.

*Willson & Willson*, for appellee.

GARRETT, CHIEF JUSTICE.—This suit was brought by the appellee, S. E. Jones, in the County Court of Cherokee County, against the appellant, James A. Campbell, on a promissory note executed by Campbell, payable to Kirby & Jones, a firm of retail liquor dealers doing business in the town of Jacksonville, in said county.

Plaintiff claimed to be a holder of said note by indorsement before maturity, for value, and without notice of any defense thereto against the original payees.

Defendant admitted the execution of the note, but pleaded in bar thereof, that it was void because it was executed in consideration of intoxicating liquors sold to the defendant by the said Kirby & Jones, in violation of the conditions of the bond executed by them as licensed re-

tail liquor dealers, that they would not sell any intoxicating liquor to an habitual drunkard, nor to any person after having received notice from the wife, mother, sister, or daughter not to sell such person intoxicating liquor.

In the charge the court defined the term "habitual drunkard" as defined in Revised Statutes, article 2473, of the title on guardian and ward, as "one whose mind has become so impaired by the use of intoxicating liquors or drugs that he is incapable of taking care of himself or property." This was error. The definition in the statute relating to guardianship is for the purpose of determining when a guardian of the person and estate shall be appointed, and does not apply to the meaning of the term as used in the statute providing for the execution of a bond by persons obtaining license as retail liquor dealers. Sayles' Ann. Stats., art. 3226a, sec. 4. It is here used in its common acceptation, and the capacity of the person to take care of himself or property is not in issue and is immaterial. The jury must determine from the common understanding of the term as to whether or not the person is an habitual drunkard. Trigg v. The State, 49 Texas, 676; Tatum v. The State, 63 Ala., 152; The State v. Pratt, 34 Vt., 394.

If the plaintiff, S. E. Jones, is a holder of the note in good faith for value, and received it in the usual course of business, he is unaffected by the fact that it was executed for an illegal consideration. 1 Dan. on Neg. Inst., sec. 197.

When the act out of which the consideration arises has been expressly prohibited by statute under a penalty, the defense has been held to apply to an innocent holder of the note, as in the case of usury. Our Supreme Court has held that a note given for usurious interest is void even in the hands of an innocent holder. Andrews v. Hoxie, 5 Texas, 171. But in this case there is no direct prohibition of the sale of intoxicating liquors to an habitual drunkard, or to a person after notice as provided by law; nor is there any declaration that a note given in consideration of such sales shall be void. 1 Dan. on Neg. Inst., secs. 197, 198, 199. The cases cited by appellant treat the instrument as void only as between the parties.

Monroe v. Smelly, 25 Texas, 586, was a suit on a note given for money won at a game called "ten pins." The note was given to Hale by Smelly and transferred to Monroe after maturity.

Seeligson v. Lewis & Williams, 65 Texas, 215, grew out of a "cotton futures" contract, denounced by the decision as contrary to public policy and void. The suit was upon promissory notes executed by the defendant, who employed plaintiffs as brokers in the transaction, for money advanced by them in paying margins, and plaintiffs' commissions. It was held that as between the parties the notes were void for want of consideration.

In Davis v. Sittig, 65 Texas, 497, it appeared that the note, though negotiable in form, was not transferred by endorsement, and was not in possession of the person to whom it was made payable; nor was it shown that the person to whom it was assigned before maturity ever paid value for it. So it was held that the plaintiff took the note subject to all defenses which the maker of it could urge against it.

By a cross-assignment of error the appellee calls in question the action of the court in overruling his demurrer to the defendant's answer, setting up the illegality of the consideration for which the note was executed.

The purpose of the statute in requiring as a prerequisite to the license the execution of the bond with the condition prescribed, is clearly to prevent the sale of intoxicating liquors to habitual drunkards, and to any person whose wife, mother, sister, or daughter shall forbid the sale in the manner prescribed by the statute. Sayles' Ann. Stats., art. 3226a, sec. 4. A sale, then, in violation of the condition of the bond as prescribed by law is a sale in violation of law. Notwithstanding the fact that the law prescribes a penalty for the breach of the condition of the bond, yet, we think, the evident purpose of the statute being to prevent the sale of intoxicating liquors to habitual drunkards and to persons after notice as prescribed, the consideration for such liquors would be illegal, because growing out of a transaction sought to be prohibited by law. Not only can the recovery of the penalty fixed by the statute be had, but the recovery of the consideration money by the seller may be defeated. The contract would be illegal and void as between the parties. Poll. on Con., 260; Wood's Mast. and Serv., secs. 198–200; 1 Pars. on Con., 458.

The case of Campbell v. Segars, decided by the Supreme Court of Alabama (1 Southern Reporter, 714), was a suit on a note given for fertilizers sold in violation of the inspection law of the State, which fixed a penalty for its violation. The demurrer to the answer setting up the defense, that the contract was in violation of law and void, was overruled. This is a much stronger case; for here the sale itself is sought to be prohibited, while in the Alabama case the inspection of the guano was the purpose of the law.

There was no error in overruling plaintiff's demurrer to the answer.

For the error in the charge of the court defining " habitual drunkard," the judgment of the court below will be reversed and the cause remanded.

*Reversed and remanded.*

Delivered February 2, 1893.