## CITY BANK OF HARTFORD v. PRESS CO., Limited.

### (Circuit Court, E. D. Pennsylvania. June 6, 1893.)

#### No. 52.

1. NEGOTIABLE INSTRUMENTS—ACTIONS—AFFIDAVIT OF DEFENSE—EXECUTION.
   An affidavit of defense that "the notes sued on do not purport on their face to have been signed by two managers of the defendant company," and that "there is no averment that the persons who signed them are or were" such managers, is not sustained where the notes are signed by the "chairman" and the "treasurer" of the defendant; for Act Pa. May 10, 1889, (P. L. p. 183,) expressly provides that these officers shall be managers.

2. SAME—BONA FIDE PURCHASERS—FOREIGN CORPORATIONS.
   The defense that the payee of negotiable notes given in Pennsylvania was a foreign corporation which had failed to comply with the conditions prescribed by statute to entitle it to do business therein, and that the contract under which they were given was in violation of that statute, is not available against one who paid value for the notes before maturity, and had no notice of the illegality infecting them.

At Law. Action by the City Bank of Hartford against the Press Company, Limited. Plaintiff took a rule to show cause why judgment should not be entered for want of a sufficient affidavit of defense. Rule absolute.

John Hampton Barnes, Geo. Tucker Bispham, and Wayne Mac-Veagh, for plaintiff.

Jas. H. Shakespeare, for defendant.

DALLAS, Circuit Judge. This action is brought on three promissory notes made by the defendant to the order of the Thorne Typesetting Machine Company, and by it indorsed. Two affidavits of defense have been filed, which set up—First, that "the notes sued upon do not purport on their face to have been signed by two managers of the defendant company, nor is there any averment that the persons who signed the same are or were managers of the defendant company;" second, that the payee, being a corporation not of the state of Pennsylvania, had not complied with certain requirements of a statute of that state which it was necessary that it should comply with in order that it might lawfully do business therein, and that these notes were given under a contract which was violative of that statute.

The first of these defenses is ineffectual, because each of the notes appears on its face to have been signed by the "chairman" and by the "treasurer" of the defendant association; and the act of the general assembly of Pennsylvania of May 10, 1889, (P. L. p. 183,) expressly provides that these officers shall be managers. In the case of Thorne Typesetting Company v. The Record Publishing Company, (not reported,) Judge Thayer, president of the court of common pleas No. 4 of Philadelphia county, recently sustained the defense last mentioned, as between the original parties to notes like those which are the subject of the present action. I am not disposed to question the soundness of

that decision, but it cannot avail the defendant in this case. The plaintiff here is a holder who "purchased before maturity, for value." This is alleged in the plaintiff's statement of claim, and is not denied in the affidavits of defense. It must, therefore, upon this rule, be assumed to be the fact. Moreover, the affidavits do not assert that the plaintiff had notice of the payee's not having complied with the Pennsylvania law; and, having bought the notes before maturity, the presumption is that it did not have such notice. Hence it appears, upon the case as presented, that the plaintiff is a purchaser of negotiable notes, for value, before maturity, and without notice; and that, as against such a plaintiff, the statutory illegality alleged is not a valid defense, is hardly open to question. "The bona fide holder for value who has received the paper in the usual course of business is unaffected by the fact that it originated in an illegal consideration" of the character relied upon as a defense to this suit. If the law were otherwise, the business of discounting commercial paper would involve a hazard against which it would be impracticable for banks, or others who engage in it, to guard themselves. Daniel, Neg. Inst. § 197, (2;) Byles on Bills, (Sharswood Ed. 1853,) p. 110; Wyatt v. Bulmer, 2 Esp. 538, and notes; Williams v. Cheney, 3 Gray, 220; Carpenter v. Longan, 16 Wall. 271. The rule for judgment for want of a sufficient affidavit of defense is made absolute.