SCHEFFEL v. SMITH. (No. 6705.)

(Court of Civil Appeals of Texas. Galveston. June 25, 1914. Rehearing Denied Oct. 8, 1914.)

1. BILLS AND NOTES (§ 106*)—VALIDITY—CONSIDERATION—COMMISSIONS FOR SALE OF CORPORATE STOCK.

Where a corporation had sold all its stock to S. & Co., who employed salesmen, including R., to resell the stock, and R. made a sale to defendant, receiving a note for $3,750 payable to S. & Co. for the stock and a note for $1,250 payable to defendant's order and indorsed by him at the time of delivery, to cover R.'s commissions for making the sale, such note was not illegal as in violation of the statute providing that no corporation shall issue its stock except for money paid, labor done, or property actually received.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 219, 225–232; Dec. Dig. § 106.*]

2. BILLS AND NOTES (§ 343*)—TRANSFER—NOTICE.

Where R. had received the note in controversy from defendant as part of the price of corporate stock sold to him, representing R.'s commissions on the sale, the fact that R. informed plaintiff, when transferring the note to him, that he had sold stock to defendant did not put plaintiff on inquiry as to the terms of the sale or charge him with notice that the par value of the stock had not been paid for in some of the ways required by law.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 853–855, 864, 865; Dec. Dig. § 343.*]

3. BILLS AND NOTES (§ 375*) — VALIDITY — CONSIDERATION — TRANSFER — BONA FIDE PURCHASER.

A note given for commissions on a sale of corporate stock is not void ab initio, and hence such note is within the doctrine of bona fide purchaser.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 971–981; Dec. Dig. § 375.*]

Appeal from District Court, Burleson County; Ed. R. Sinks, Judge.

Action by George L. Smith against John A. Scheffel. Judgment for plaintiff and defendant appeals. Affirmed.

Jesse Garrett, of Caldwell, for appellant. C. S. Williams, of Caldwell, and Searcy & Botts, of Brenham, for appellee.

McMEANS, J. Appellee, George L. Smith, brought this suit against appellant, John A. Scheffel, upon a promissory note for $1,250, executed by appellant, and of which appellee alleged that he was the owner and holder.

Appellant answered, setting up: (1) That the note was procured from him by one J. H. Reeve, by certain fraudulent statements and misrepresentations made to him by said Reeve; (2) that the note sued upon was executed in part payment for certain stock to be issued to him by the Republic Trust Company, a corporation incorporated under the laws of Arizona and with the authority to do business in Texas, and that said note, having been issued in part payment for stock in said corporation, was in violation of the Constitution and laws of Texas, and therefore void; and (3) that appellee, at the time he purchased and became the owner of the note, had full knowledge of the terms and conditions upon which the same was procured by the said Reeve from the defendant, and the purpose for which it was executed, and that he could not recover upon the same.

Appellee by supplemental petition denied: (1) That he knew of any false or fraudulent representations made to appellant by Reeve at the time he purchased the note; (2) he denied that said note was executed for stock to be issued to appellant by the Republic Trust Company, but, on the contrary, set up that said note was made by appellant to Reeve for Reeve's commission in a sale of stock made by Reeve to appellant; (3) he alleged that he did not know that the appellant had executed his note to Reeve in payment, or in part payment, for any stock in the Republic Trust Company, or any other corporation; and (4) that he purchased the note from Reeve in good faith, without any knowledge of the imperfections against the same set up by the appellant in his answer, before the same was due, and that he was an innocent purchaser in law, and entitled to recover.

A trial of the case before the court without a jury resulted in a judgment for appellee for the amount of the note sued on, interest and attorney's fees, aggregating $1,452.80. From this judgment appellant has prosecuted this appeal.

Appellant by his first assignment of error complains that the court erred in finding and holding that the note executed by appellant to Reeve, to cover the amount of his commissions for the sale of stock in the Republic Trust Company, was a valid and enforceable obligation. In his propositions under this assignment he asserts: (1) That the note for $1,250 and the one for $3,750, having been given for the purchase money of 333⅓ shares of the Republic Trust Company stock, could not in law be a valid and enforceable obligation against appellant; (2) that the fact that Reeve, as agent of the Republic Trust Company, sold 333⅓ shares of stock to appellant, taking in payment for same appellant's promissory notes for $1,250 and $3,750, the fact that by the contract between the Republic Trust Company and Reeve the latter was entitled to $1,250 as commissions, did not relieve the transaction of being illegal and in violation of the Constitution and laws of this state, which provide that no corporation shall issue its stock, except for money paid, labor done or property actually received; and (3) that the appellee, as the purchaser of said note for

$1,250, cannot be deemed in law an innocent purchaser in good faith, for value, before maturity, when the Constitution and laws of this state expressly declare the transaction illegal and void ab initio. The court filed its written findings of fact, which we here insert:

"I find that the defendant, John A. Scheffel, purchased through J. H. Reeve a block of stock of the Republic Trust Company, of Dallas, Tex., and that he executed a note for $3,750, payable to the order of A. Silvers & Co., of Dallas, Tex., who, it seems, had the stock for sale; and that he also executed the note sued on in this case, which was payable to himself or order, and indorsed by him, which said last note being for $1,250, and providing for 10 per cent. attorney's fees, as set out in the pleadings in the case, represented the commission of said J. H. Reeve; that the said J. H. Reeve, who was the owner of said note sued on, sold the same to the plaintiff, George L. Smith, for a valuable consideration, to wit, the sum of $1,-000 in cash, which he received; that, at the time of the purchase of said note by the plaintiff, he was told by the said Reeve that he had sold to the defendant a block of stock, not naming the company in which the stock was to be issued, and that the note which he offered to sell to Smith, and which he did sell to Smith, represented his commission for making the sale; that Smith did not know, at the time he purchased said note, what the terms for the sale of the stock had been to the defendant, but only knew that this note sued on represented the commission that the said Reeve received for selling the same, and thought that the note was all right, and knew of no defenses to it, and bought it in good faith for a valuable consideration long before the maturity of the same. I find that said note provides for 10 per cent. attorney's fees, and that plaintiff agreed with his attorneys to pay them the 10 per cent. provided for in said note as their attorney's fees for bringing the suit; that the defendant failed to pay the same; and that the suit was brought thereon. I find that the amount due upon said note on the day of trial, principal, interest, and attorney's fees, amounts to the sum of $1,452.-80."

[1] The court's findings of fact are in all respects amply sustained by the record and are adopted in part as our findings. In addition thereto we find the following facts which are warranted by the evidence: Prior to the transaction giving rise to this suit, the Republic Trust Company had sold all its stock to A. Silvers & Co., of Dallas, Tex., and had nothing to do with the salesmen engaged in selling the stock, and knew nothing about the salesman's commission or how he secured it. Silvers & Co. employed the salesmen to sell the stock to individual buyers, and Reeve was their agent in making the sale to appellant, and not the agent of the Republic Trust Company, and the note for $3,750 was made payable to Silvers & Co. and not to the Republic Trust Company. The note for $1,250 was made payable to the order of the appellant, the maker, and indorsed by him at the time of its delivery to Reeve. The par value of each share of stock of the Republic Trust Company was $10. The stock was sold to appellant at $15 per share, divided as follows: Par value, $10, surplus fund, $1.50, and promotion expenses, $3.75. The 333⅓ shares sold to appellant at $10 per

share, plus $1.50 per share to be carried into the surplus fund made the sum of the note for $3,750, and the sum of $3.75 per share for promotion expenses made the sum for which the $1,250 note was executed. There is nothing in the record to show that Silvers & Co. did not pay for the stock of the Republic Trust Company in cash or property, or to show the terms or conditions under which they purchased.

Under the foregoing facts, the principle invoked by appellant in his first assignment of error and the propositions thereunder has no application. If, as the evidence shows, Silvers & Co. had bought all the stock of the Republic Trust Company, then they had the right to sell it on any terms they saw fit. The inhibition is against the corporation to sell its stock, except for money paid, labor done, or property actually received, and not against a purchaser from the corporation who offers the stock owned by him for sale.

[2] But, even if the transaction had been a sale of the stock to the appellant by the corporation, we do not think the defenses set up by appellant to the note in question were available, in view of the fact that the evidence shows appellee to have been an innocent purchaser, before maturity, for value. It is true that his testimony discloses that before he purchased he was informed by Reeve that he had sold stock to appellant; but there was nothing to show that he was apprised that the par value of the stock was not paid for in some one of the ways required by law. The evidence discloses without dispute, however, that the note in suit was given by appellant, not for the stock itself, but for Reeve's commissions for making the sale; and appellee, having this assurance at the time he purchased, was not put upon inquiry thereby as to the terms of the sale. In State Bank of Chicago v. Holland, 126 S. W. 565, 103 Tex. 266, the Supreme Court of this state quotes with approval from Thompson v. Samuels, 14 S. W. ·143, as follows:

"In Thompson v. Samuels the court quoted with approval from 1 Daniel on Negotiable Instruments, par. 197, as follows: The bona fide holder for value, who has received the paper in the usual course of business, is unaffected by the fact that it originated in an illegal consideration, without any distinction between cases of illegality founded in moral crime or turpitude, which are termed 'mala in se,' and those found in positive statutory prohibition, which are termed 'mala prohibita.' The law extends this peculiar protection to negotiable instruments because it would seriously embarrass mercantile transactions to expose the trader to the consequences of having the bill or note passed to him impeached for some covert defect. There is, however, one exception to this rule: That, when a statute expressly or by necessary implication declares the instrument absolutely void, it gathers no vitality by its circulation in respect to the parties executing it, though even upon such instruments an indorser may * * * be held liable."

Further on in the opinion the court announces the rule as follows:

"Illegality is not, as a rule, a defense to commercial paper, in an action thereon by a bona

fide holder thereof, to whom it was transferred for value before maturity without notice. 8 Cyc. 45B; Campbell v. Jones, 2 Tex. Civ. App. 263, 21 S. W. 723; Bank v. Pick, 13 N. D. 74, 99 N. W. 63; Bank v. Press Co. (C. C.) 56 Fed. 260; Williams v. Cheney, 3 Gray (Mass.) 215; Alleghany Co. v. Allen, 69 N. J. Law, 270, 55 Atl. 724. If the instrument is void ab initio, the defense of illegality is available even against an innocent purchaser for value before maturity and without notice. 8 Cyc. 46; Gilder v. Hearne, 79 Tex. 120, 14 S. W. 1031."

[3] The laws of this state do not expressly or by necessary implication declare void a note given for commissions on a sale of the stock of a corporation, and such a note is not void ab initio; therefore, under the rule quoted in State Bank of Chicago v. Holland, the protection of the law is extended to the instrument here sued upon and to the appellee as the purchaser thereof for value before maturity and without notice of any infirmity in its execution. Marshall National Bank v. O'Neal, 11 Tex. Civ. App. 640, 34 S. W. 344; Merchants, etc., Oil Co. v. Lufkin National Bank, 34 Tex. Civ. App. 551, 79 S. W. 651; Buchanan v. Wren, 10 Tex. Civ. 560, 30 S. W. 1077.

We are of the opinion that the grounds interposed as a defense by appellant are unavailable; that no material error has been assigned; and that the judgment of the court below should be affirmed, and it is so ordered.

Affirmed.