JONES v. ABERNATHY.　(No. 673.) †

(Court of Civil Appeals of Texas.　Amarillo.
Nov. 21, 1914.　On Motion for Rehearing,
Jan. 6, 1915.　On Further Motion for Rehearing, Jan. 23, 1915.)

1. RAILROADS ☞148 — DEBTS — CONSENT OF RAILROAD COMMISSION.

Vernon's Sayles' Ann. Civ. St. 1914, art. 6717, vests in the state government the authority of issuing bonds and other evidences of debt and the execution of all liens and mortgages by railroad corporations, etc., and article 6727 declares that every evidence of debt operating as a lien on the property of a railroad company which shall be made, issued, or sold without a compliance with the chapter shall be void.　Held

that, where a railroad company executed a note which was transferred to defendant, for which was pledged as collateral notes executed to the railroad company for unpaid stock installments without the consent of the Railroad Commission, the original note was void, and the holder could not thereafter enforce the pledge.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. § 460; Dec. Dig. ☞148.]

2. BILLS AND NOTES ☞375—INVALIDITY— BONA FIDE PURCHASER.

A negotiable instrument issued in contravention of a statute expressly declaring it void is subject to all defenses in the hands of one who otherwise would be a bona fide holder for value.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 971–981; Dec. Dig. ☞ 375.]

3. PLEDGES ☞7—INVALIDITY OF PRINCIPAL OBLIGATION.

Invalidity of a principal debt destroys the claim of the creditor on collateral securities held for its payment.

[Ed. Note.—For other cases, see Pledges, Cent. Dig. § 18; Dec. Dig. ☞7.]

On Further Motion for Rehearing.

4. CANCELLATION OF INSTRUMENTS ☞35 — RAILROAD OBLIGATIONS — CANCELLATION — PARTIES—TRUSTEES.

Vernon's Sayles' Ann. Civ. St. 1914, arts. 6630, 6631, provide that the directors and managers of a sold-out railroad company, by whatever name they may be known in law, shall be the trustees of the creditors and stockholders of the company, and may be sued as such, and that no suit pending against the company at the time of the sale shall abate, but same shall be continued in name of the trustees of the sold-out company.　Held that, where plaintiffs sued to cancel a stock subscription note, and, pending the suit, the railroad's roadbed, track, franchises, and charter were sold, and a receiver discharged, it was plaintiff's duty to have the railroad company's managers and directors made parties to the suit, and, not having done so, a judgment canceling the note was a nullity so far as it affected the rights of the trustees to recover thereon.

[Ed. Note.—For other cases, see Cancellation of Instruments, Cent. Dig. §§ 55–64; Dec. Dig. ☞35.]

Appeal from District Court, Roberts County; F. P. Greever, Judge.

Action by D. A. Abernathy against Charles R. Jones to cancel a note and deed of trust. Decree for plaintiff, and defendant appeals. Reformed and affirmed.

Moore & Powell, of Dalhart, and Lumpkin & Harrington, of Amarillo, for appellant. Crudgington & Works, of Amarillo, for appellee.

HALL, J.　Appellee, Abernathy, subscribed to 15 shares of the capital stock of the Enid, Ochiltree & Western Railroad Company, executing his note for $1,532.10, secured by a deed of trust upon certain lands described in his petition. This note was transferred and delivered to the appellant, Charles R. Jones, before maturity thereof, as collateral security for the payment of the $28,000 note purchased by the said Jones of one F. R. Dennis; the said note for $28,000 being the obligation of the said railroad company, dat-

ed September 1, 1910. Appellee brought this suit to cancel his note and the deed of trust, alleging misrepresentation and fraud on the part of said railroad company in the procurement of said note from plaintiff and failure of consideration. Appellee also alleged that the appellant, Jones, was cognizant of the misrepresentation of the said railroad company at the time he acquired the same; that he was a party to the conspiracy of said railroad company and its agents to procure the execution of the note and deed of trust; that there was a failure of consideration in this; that the note was given with the understanding and agreement that plaintiff should have 15 shares of stock; that the railroad company would build and operate a line of road from Dalhart, Tex., to some point on the Santa Fé Railway east of Ochiltree in Ochiltree county near plaintiff's land in said county, and that the building of said railroad would greatly enhance the value of plaintiff's property and benefit plaintiff thereby; that said railroad was not built, and no stock in said corporation was issued to plaintiff. It is further alleged that plaintiff would not have executed his said note in negotiable form but for the representations on the part of the said railroad company that nearly all of the stock in said corporation had been subscribed, and that stock notes enough had been secured with which to get money to build the road; that they had the money located, and knew where they could get sufficient to build said railroad, and that they were then closing up the few remaining subscriptions, and that those who did not renew and secure their subscriptions would be sued within a few days. Plaintiff alleges further, upon information and belief, that the promoter of said railroad project never had any sufficient financial arrangements at any time for the successful promotion, construction, and operation of said railroad; that, by reason of the sale of the securities, which were placed in the hands of the defendant, Jones, at the time the note in question was turned over to him as security for the $28,000 note above referred to, and the purchase thereof by the said Jones, amounting to a sum far in excess of the $28,000 above referred to, the said Jones had collected more than the said sum of $28,000 from the collateral which he took to secure the payment of said $28,000 note; that, by reason of said Jones taking said $28,000 note at a discount of $3,000, said transaction was usurious; that the transaction was in violation of the statutes.

Appellant, Jones, answered by general and special demurrers, general and special denial, pleas of estoppel, and by cross-action, seeking judgment upon the $1,532.10, and praying for foreclosure of the deed of trust given by appellee to the railroad company, alleging that said note was indorsed and transferred to him prior to its maturity; that he took the same in good faith without any notice of any defense which plaintiff had or may have had thereto, paying a valuable consideration therefor in due course of trade, and praying for judgment for his debt and foreclosure.

The jury returned a verdict in favor of the plaintiff and against the appellant, Jones, as to the cancellation of the note and deed of trust, and against the defendant, Jones, on his cross-action. Judgment was rendered accordingly.

Appellant requested a peremptory instruction and several special charges, but, by reason of the view we take of the case, it will not be necessary for us to consider the assignments in detail.

The note for $1,532.10 upon which appellant sought to recover by his cross-action was held by him as collateral security to the above-mentioned note for $28,000, which is as follows:

"$28,000.          Dalhart, Texas, Sept. 1, 1910.

"One year after date Enid, Ochiltree & Western Railway Company promises to pay to the order of F. R. Dennis, at the First National Bank of Dalhart, Texas, twenty-eight thousand dollars, for value received, with interest at the rate of 10 per cent. per annum from date. Having deposited with said F. R. Dennis as collateral security for the payments hereof the following notes: [Here follows a list of notes for various amounts, signed by the subscribers to stock, among them appears the $1,532.10 note in controversy]—which said company hereby gives said F. R. Dennis or the legal holder of said notes, authority to collect any or all of said notes, as they mature, holding the money for the said notes collected until the maturity of this note, and also to sell all or any part thereof on the maturity of this note or any time thereafter or before in the event of said securities depreciating in value, at public or private sale, at their discretion, without advertising the same, or giving said company any notice, and to apply so much of the proceeds thereof to the payment of this note as may be necessary to pay the same, with all interest due thereon, and also to the payment of all expenses attending the sale of said collateral security, and in case the proceeds of the sale of the said notes shall not cover the principal, interest, and expenses, said company promises to pay the deficiency forthwith after such sale.

"Enid, Ochiltree & Western Railroad Co.
          "By A. E. Weist, Jr., Vice President.
                "W. T. Wheatley, Asst. Treas.
"Attest:    W. W. Flenniken, Asst. Sec'y."

The note bears the following indorsement: "Without recourse. F. R. Dennis."

There is shown in the record the following stipulation signed by the attorneys, omitting the formal parts:

"In the above cause it is agreed * * * that said railroad company was a Texas corporation, and that said railroad company did not procure the consent of the Railroad Commission of the state of Texas to the execution and issuance by said railroad company of note for $28,000, dated September 1, 1910, due one year after its date, payable to F. R. Dennis, signed by said railroad company; neither did said railroad company procure the consent of said Railroad Commission to the execution or issuance by said railroad company of security or liens upon its property to secure the payment of said note."

Vernon's Sayles' Civil Statutes, art. 6717, provides:

"Among other things, the power and authority of issuing or executing bonds, or other evidences of debt, and all kinds of stock and shares thereof, and the execution of all liens and mortgages by railroad corporations in this state are special privileges and franchises, the right of supervision, regulation, restriction, and control of which has always been, is now, and shall continue to be vested in the state government, to be exercised according to the provisions of this and other laws."

Article 6727, Id., is:

"Every certificate * * * and every bond and other evidence of debt operating as a lien upon the property of such railroad company, which shall be made, issued or sold without a compliance with this chapter, shall be void."

Articles 6724 and 6725 prescribe the formalities under which evidences of debt by railroad companies shall be issued, requiring that they shall be presented to the Railroad Commission with a sworn statement in writing, signed by the president, showing the amount of stock, outstanding bonds, etc.; providing that no evidence of indebtedness shall issue without the approval of the Railroad Commission and their registration by the secretary of state.

[1] It is clear that the note copied above, by its provisions (and by reason of the fact that appellee's note, together with other collateral paper, was delivered to appellant, together with the $28,000 note), creates in favor of the holder a pledgee's lien upon all of said collateral. The $28,000 note, not having been issued in compliance with the requirements of the above-cited statutes, is, by the express provisions of article 6727, void ab initio.

[2] The doctrine that a negotiable instrument, issued in contravention of a statute, expressly declaring it to be void, is subject to all defenses in the hands of one who otherwise would be a bona fide holder for value, is sustained by the great weight of authority. Gilder v. Hearne, 79 Tex. 120, 14 S. W. 1031; Campbell v. Jones, 2 Tex. Civ. App. 263, 21 S. W. 723; State Bank of Chicago v. Holland, 103 Tex. 266, 126 S. W. 564; 3 Ruling Case Law, p. 1017, § 225, and the authorities there cited.

The original note being absolutely void, appellant, as the holder of the collateral notes, was not entitled to recover against the several makers thereof. Colebrook on Collateral Securities, pp. 172-174, 177.

[3] The invalidity of the principal debt destroys the claim of the lender upon the collateral securities held for its payment. Albert v. Savings Bank of Baltimore, 2 Md. 159; Brewster v. Sime, 42 Cal. 139; Thompson v. Toland, 48 Cal. 99; Gass v. Hampton, 16 Nev. 185; Winter v. Belmont Mining Co., 53 Cal. 428.

We conclude, therefore, that appellant was not entitled to recover. That portion of the judgment appealed from which decreed the cancellation of the note for $1,532.10, and the deed of trust, must be set aside because of a want of necessary parties. We express no opinion upon the questions of fraud and failure of consideration.

The judgment is in all other respects affirmed.

Reformed and affirmed.

HENDRICKS, J., not sitting.

On Motion for Rehearing.

HALL, J. In appellee's motion for rehearing our attention is called to the fact that in the original opinion we failed to note and to find as a fact that the $28,000 note, in addition to being secured by a pledgee's lien upon the collaterals, was secured also by trust deeds upon 800 acres of land lying in Hartley and Hansford counties, and belonging to the railway company. Our findings of fact are therefore amended to that extent.

HENDRICKS, J., not sitting.

On Further Motion for Rehearing.

HALL, J. [4] After a careful review of the record in this case, we have concluded that we were in error in not reversing and remanding the judgment in so far as it decrees a cancellation of the note for $1,532.10, and the deed of trust. Articles 6630 and 6631, Vernon's Sayles' Civil Statutes, provide that the directors and managers of a sold-out railroad company, by whatever name they may be known in law, shall be the trustees of the creditors and stockholders of the company, and may be sued as such, and that no suit pending against the company at the time of the sale shall abate, but same shall be continued in the name of the trustees of the sold-out company. This suit was filed in March, 1912. The roadbed, track, franchise, and charter rights were sold in June, 1912; the receiver discharged in October, 1912; and the judgment was rendered against the railroad company in 1914, without the trustees, as provided in the two articles cited, being made parties to the suit. Upon the sale of the roadbed, etc., it was not only the privilege, but the duty, of appellee to have the managers and directors of the company made parties to the suit. Having failed to do so, the judgment is a nullity in so far as it affects the rights of the trustees to recover upon the note given for stock.

Under the provisions of rule 62A (149 S. W. x) for the Courts of Civil Appeals, we therefore affirm the judgment of the trial court in so far as it denies appellant the right to recover upon the note, and the judgment is in all things else reversed and remanded. Life Association of America v. Goode, 71 Tex. 90, 8 S. W. 639; Sulphur Springs, etc., Ry. Co. v. St. Louis, etc., Ry. Co., 2 Tex. Civ. App. 650, 22 S. W. 109; Clayton v. Preston, 54 Tex. 418; Blum v. Goldman, 66 Tex. 621, 1 S. W. 899; Kelly v. Rochelle (Civ. App.) 93 S. W. 164; Wilkin-

son v. Vordermark, 32 Ind. App. 633, 70 N. E. 538; Linn v. Taylor, 42 Ala. 303.

Affirmed in part and reversed and remanded in part.

HENDRICKS, J., not sitting.