## SHEPPARD v. RASH.

No. 2830.

Court of Civil Appeals of Texas. El Paso. May 18, 1933.

500

K. Van Slyck and J. W. Craig, both of Dallas, for appellant.

Nathaniel Jacks, of Dallas, for appellee.

PELPHREY, Chief Justice.

On September 9, 1931, appellee purchased a 1928 Ford coupé from the Cox Auto Exchange in Dallas, Tex., paid $75 in cash, and executed an installment note in the sum of $142.75, payable to the Automobile Finance Company. The first installment was due on October 15, 1931, and one on the 15th of each month thereafter. The first five were for $25 each, and the sixth one for $17.75.

The installment note and chattel mortgage given by appellee to appellant contained the following provision: "It is also agreed that in the event of default in payment of any installment hereunder, when due, and this obligation shall be placed in the hands of an attorney for collection or the enforcement of any covenant or condition herein contained, that I, we or either of us, will pay a reasonable attorney's fee to *cover services* therein by said attorney, *rendered together with* all costs of collection, suit, foreclosure and any and all expense of whatever kind or character that the holder hereof may be put to or caused to incur by my or our failure to conform to or comply with the terms and conditions of this obligation, and I, we, or either of us also agree to pay an additional charge of 10% on any installment past due for more than three days."

The first installment was paid on or about October 26, 1931; the second, on or about November 19, 1931; the third on or about December 29, 1931; the fourth, on or about January 25, 1932; the fifth, on or about March 4, 1932; and, the sixth, on or about April 4, 1932. These payments aggregated the $142.75 called for in the note.

Appellant, however, charged the appellee with the sum of $7.50 for trips made to Terrell to collect past-due installments.

On April 23, 1932, appellant filed a suit in the justice court of precinct No. 7, of Dallas county, Tex., seeking to recover the $7.50 claimed to be due on the note and mortgage and for foreclosure of its mortgage lien on the Ford coupé.

On the same day appellant sought to sequester the Ford coupé, alleging its value to be $50 and that it feared that appellee would injure the property during the pendency of the suit.

The writ issued and was executed on May 2, 1932, by the constable of precinct No. 3 of Kaufman county. A sequestration bond was executed in the sum of $100 with W. P. Sheppard as principal and Leon Ellis and C. P. Kerr as sureties.

Thereafter appellee filed his answer and cross-action in the justice court, generally denying the allegations of appellant, specially denied that he was indebted to appellant, and by way of cross-action alleged that appellant had maliciously and recklessly caused the issuance and levy of the writ of sequestration thereby depriving him of the use of the Ford coupé to his damage in the sum of $100; *that he had purchased the* Ford coupé from the Cox Auto Exchange at an agreed price of $175; paid $75 in cash; that the Cox Auto Exchange then drew a

note for the balance of $100 plus $42.75 for insurance and interest on the deferred payments on the note; that the insurance on the car did not exceed $7.50, leaving the sum of $35.25 added to said note as interest; that such amount exceeded the 10 per cent. permitted by law; and that appellant had received the said sum as interest. He then sought to recover the sum of $70.50 under article 5073, Revised Statutes.

A jury in the justice's court found for appellee the sum of $70.50, as penalty for usury collected, $29.50 damages for the wrongful suing out of the writ of sequestration and the immediate return of the car.

Upon that verdict judgment was rendered that appellee recover the title and possession of the Ford coupé and the sum of $100.

Appellant perfected an appeal to the county court of Dallas county, at law, No. 2, where the cause was tried to the court, and judgment rendered that appellant take nothing; that appellee recover of and from appellant $160.50; and ordering the constable of precinct No. 3, Kaufman county, to deliver the car to appellee, free of costs or charges.

From the latter judgment this appeal is taken.

## Opinion.

Appellant attacks the judgment on the ground that neither the transcript of the justice's court nor the pleadings affirmatively show the value of the property; that the pleadings and evidence were insufficient to support the judgment of $100 awarded as damages for wrongfully suing out the writ of sequestration; that the judgment for $100 as damages for wrongfully suing out the writ was erroneous because, by the express terms of the contract, appellee had waived all claim for damages; that the court erred in overruling his demurrer to appellee's cross-action; and that the court erred in not permitting him to prove his practice in buying notes, with reference to the form of notes furnished automobile dealers.

In appellant's affidavit for sequestration in the justice's court he fixed the value of the automobile at $50, and it appears from appellee's pleading that he bought it for the sum of $175. The allegations, we think, are sufficient to establish the value.

Appellee, in his cross-action, alleged that the use of the automobile to him for the period of time for which he was deprived of its use by the wrongful issuance of levy of the writ of sequestration was of the reasonable value of $100. This allegation was certainly good as against general demurrer.

The automobile was sequestered on May 2, 1932, and the judgment here complained of was entered on August 3, 1932, making 94 days appellee was deprived of his car.

The judgment rendered was for $160.50. Appellee had sued for damages for the wrongfully suing out of the sequestration and also was seeking to recover the sum of $70.50 as usurious penalty. We have no way of knowing just how much the trial court allowed appellee on these two items; but when the amount of the allowance for damages is questioned, we must presume that the court allowed the full amount, or $70.50 as penalty, leaving only $90 for damages.

Appellee testified that he worked for his father in the cotton business; that part of his work was to go out into the country to pick up cotton; that he lived about two and one-half miles out from Terrell; that he used the car in taking his children to school; that that was the only way he had of taking them; that he used the car in going into Dallas each day to his work; that the bus fare from Terrell to Dallas was $1: and that the value of the use of the car was $1 per day.

This evidence clearly supported the damages assessed.

While it is true that appellee agreed that he should not have any right of action by reason of appellant taking possession of the automobile, his waiver was of any right of action against appellant for taking possession upon a breach by appellee of some covenant or condition of the contract.

The facts here are sufficient to show that the writ of sequestration was sued out at a time when appellee had performed every legal obligation imposed upon him by the contract, in fact, had paid appellant in excess of what he was legally entitled to collect; therefore, any agreement to waive his cause of action would not bind him under such facts.

We find no merit in appellant's contention that the pleading of appellee was insufficient.

Appellee alleged that the writ was wrongfully and maliciously sued out; that he had theretofore paid to appellant more than the amount which appellant was entitled under the law to collect; and that he had been damaged thereby.

The facts alleged showing that the automobile was sequestered to collect a debt which appellee did not owe were certainly sufficient to show that the suing out of the writ was unlawful and an allegation by appellee that the writ was unlawfully sued out could have added nothing to his cross-action.

The cases cited by appellant on the necessity of alleging want of probable cause relate to the grounds stated in the affidavit for the issuance of the writ and would have no application to the question here involved.

There is a further question presented as to the right of appellee to recover the usurious penalty from appellant on the

ground that he is an innocent holder for value.

The note sued upon here was payable to appellant, and not to the party from whom he claims to have purchased it.

Aside from that fact, however, we find that our Supreme Court, in Gilder et ux. v. Hearne, 79 Tex. 120, 14 S. W. 1031, in applying the provisions of the article (5071) limiting the rate of interest, to facts similar to the facts here, had the following to say: "But it is claimed by the appellee that there is 'nothing on the face of the note, or the lien given to secure it, which put the appellee upon notice that appellant would not have to pay the difference between $1,200 and the amount of the note, $1,380 (the excessive interest).' If it be true, as claimed by the appellee, that the note was transferred to him before maturity, for value, and without notice, of the fact that it was tainted with usury, still the rule is that, where the 'statute declares a usurious contract void, it gathers no vitality by its circulation, in respect to the parties executing it,' and it is void in the hands of an innocent holder."

To the same effect is the decision in First Nat. Bank v. Ledbetter (Tex. Civ. App.) 34 S. W. 1042. See, also, Maloney v. Eaheart, 81 Tex. 281, 16 S. W. 1030; Yonack v. Emery (Tex. Civ. App.) 4 S.W.(2d) 293.

No reversible error being shown, the judgment is affirmed.