NENNY & PARDUE v. J. W. WADDILL, RECEIVER.

No. 153.

1. **Insolvent Corporation — Unpaid Stock — Rights of Creditors.** The representations of a corporation, as shown by the certificates of stock, that the stock is fully paid up, is a guaranty to creditors that such fact exists, and one upon which they have a right to rely.

2. **Same — Relation of Director and Creditors.** — The relation of a director to the creditors of a corporation partakes of the nature of a trust, and the acceptance of stock by him issued as paid up when in fact it is not paid up, makes him liable to the creditors for the par value of the part actually unpaid.

**3. Same—Accepting paid up Stock—Liability of Stockholders.** Nenny & Pardue, partners, accepted the paid up stock of a corporation to the amount of twice their subscription. The corporation accepted one-half the face value of all the shares as full payment for the stock. While the corporation was insolvent and Nenny a director therein, Nenny & Pardue transferred their stock to Eakin, who was also a director and insolvent. *Held*, as it will require all the unpaid balance upon the stock to pay the debts of the corporation incurred before the transfer of the stock, Nenny & Pardue are liable to the creditors for the unpaid part of their stock, and this liability was not avoided by such transfer. As Nenny was a director, Nenny & Pardue were chargeable with notice of the condition of the company, and whether they had actual notice or not can not avail them as against the company's creditors.

**4. Constitution—Fictitious Stock.**—The Constitution of Texas, article 12, section 6, forbidding the issue of stock except for money paid, labor done, or property actually received, and declaring all fictitious increase of stock or indebtedness void, does not apply as against creditors in such case as this. While the company could not collect the unpaid balance, the creditors may.

APPEAL from the County Court of Collin. Tried below before Hon. M. G. ABERNATHY.

*De Armond & Church*, for appellants.—1. If defendants sold and transferred their stock in the corporation in good faith, and at a time when the corporation and the transferee were both solvent, and before the solvency of either was called in question, then defendants would not be liable in this action. 1 Beach on Corp., sec. 126; Cook on Stock and Stockh., secs. 255, 256, 263; Jackson v. Manf. Co., 1 Lea, 210; 2 Mora. on Priv. Corp., secs. 858, 888; Thomp. on Lia. of Stockh.

2. Stock in a corporation issued except for money paid, labor done, or property actually received, and all fictitions increase of stock, is void. Const., art. 12, sec. 6.

3. Accepting corporate stock as a gratuity does not subject the holder to liability to corporate creditors. 1 Beach on Priv. Corp., sec. 121d.

*Abernathy & Beverly*, for appellee.—1. When a corporation issued and appellant accepted the certificate for five shares of the capital stock of the corporation, purporting on its face to be full paid and of the value of $500, the appellant became liable to the creditors of the corporation for the full face value of the shares so issued and accepted, notwithstanding the company might have contracted to accept a less amount as payment in full; and he could not shift his liability by transferring his certificate to another. Bank v. Investment Co., 74 Texas, 436; Cook on Stock and Stockh., secs. 26, 42; Scovill v. Thayer, 105 U. S., 143; Bank v. Mining Co., 18 Am. St. Rep., 510; 2 Mora. on Priv. Corp., secs. 781, 835, 839, 842; Beach on Corp., sec. 109; Rev. Stats., art. 610; Walker v. Lewis, 49 Texas, 126; Hawley v. Upton, 102 U. S., 314; Sawyer v. Hogg, 84 U.

S., 732; Upton v. Tribilcock, 91 U. S., 203; Cook on Stock and Stockh., secs. 21, 22; The State v. Handley, 41 Fed. Rep., 332; Beach on Priv. Corp., secs. 475, 118b, 496c, 733.

2. If appellants were directors in the corporation, and the debts for which judgments were rendered against the corporation and the receiver were incurred prior to the transfer of appellants' stock, and these debts show the company to be solvent, appellants would still be liable to the corporate creditors for the balance unpaid on their stock. Cook on Stock and Stock., sec. 48.

3. Section 6, article 12, Constitution of Texas, is applicable and effective only when the issue is entirely fictitious. Cook on Stock and Stockh., secs. 42, 21–23, 25, 26; 1 Beach on Priv. Corp., sec. 118b, note 5, p. 226; Washburn v. Green, 133 U. S., 30.

RAINEY, ASSOCIATE JUSTICE.—The North Texas Mill and Elevator Company, a private corporation, was incorporated sometime in 1889, the allowed capital stock being $100,000. Nenney & Pardue subscribed for two and one-half shares, the shares being $100 per share. They paid $250, and said company issued to them five shares of *paid up stock* of the face value of $100 each per share, which shares were accepted by said Nenney & Pardue. The $250 paid was accepted by said company in full payment for said five shares. The whole amount of stock issued by the company did not exceed the amount authorized by its charter. Paid up certificates of stock were issued to all the stockholders for double the amount paid in by them. The five shares of stock were issued to Nenney & Pardue on August 16, 1889. On August 26, 1890, in consideration of $200, they transferred same to A. C. Eakins, and new stock issued to said Eakins in lieu thereof, and so noted on the books of the company.

At the time of the transfer of the said stock appellant Nenney was a director in said company, at which time both the said company and said Eakins were insolvent, and said company at that time owed debts in excess of its assets, and to pay the deficit it would require all that was due on the certificate of stock that had been issued. The District Court of Collin County, at the instance of creditors, appointed a receiver to administer the affairs of said company, and the debts outstanding against said company were incurred prior to the 26th day of August, 1890, the time the transfer of this stock was made. Appellants had no actual knowledge of the financial condition of the company or of Eakins at the time of the transfer.

*Conclusions of Law.*—The charge of the court complained of by appellants is to the effect, that they were liable for the unpaid part of the stock if the debts due by the company were created before they transferred the

stock. We are of the opinion, that under the evidence and the issues raised, the charge of the court was correct.

Nenney, one of the appellants, was a director in said company, and as such he was chargeable with notice of the condition of the affairs of the company. The representations of the company, as shown by the certificates of stock, that the stock was fully *paid up*, was a guarantee to creditors that such fact existed, and one upon which they had a right to rely. The relation of a director of a corporation to the creditors thereof partakes of the nature of a trustee, and the receiving of stock by him issued as paid up, when in fact it is not paid up, makes him liable to creditors for the par value of the part actually unpaid. Cook on Stock and Stockh. and Corp. Law, sec. 42.

In the case of Scovill v. Thayer, 105 United States, which bears a close analogy to this, the court say: "The stock held by the defendant was evidenced by certificates of full paid up shares. It is conceded to have been the contract between him and the company that he should never be called upon to pay any further assessment upon it. But the doctrine of this court is, that such a contract, though binding on the company, is a fraud in law on its creditors, which they can set aside; that when their rights intervene, and their claims are to be satisfied, the stockholders can be required to pay their stock in full."

The same principle is held in Ex Parte Daniel, 1 De G. & J. 372. "In that case the directors of the company allotted to themselves a number of shares by resolution that the shares so allotted were to be treated as paid up stock in full. Daniel, one of the directors, was not present at the time the resolution was adopted, but he afterwards accepted the shares allotted to him. An order having been made for winding up the company, assessments were made upon those shares for the purpose, it is supposed, of paying the debts for the company. It was held that Daniel was liable to those assessments to the same extent as if the resolution had not provided that the shares were to be treated as paid up stock."

The case of Richardson v. Green, 133 United States, 43, et seq., cites, among others, the two foregoing cases, and says: "The principle underlying all of the decisions which we have cited upon this point is, that the capital stock of a corporation when it becomes insolvent is in law assets of the corporation, to be appropriated to the payment of its debts; and that creditors have the right to assume that the stock issued by the corporation and held by its stockholders as paid up stock had been paid up; or if unpaid, that a court of equity, at the instance of the proper parties, could require it to be paid up."

Appellants seek to avoid the force of the rule here laid down, upon the ground that they had transferred their stock to Eakins, at the time believing him and the company both to be solvent. Appellant Nenney being a director, appellants were chargeable with notice of the condition

of the company, and whether they had actual notice or not can not avail them as against the company's creditors. They transferred their stock to Eakins, who was also an officer of the concern. By the dealings of the parties in relation to this matter, the creditors were evidently deceived, and such a transaction as to the creditors is a fraud in law. The appellants having accepted the stock, knowing it had not been paid up, renders them liable for the unpaid part; especially so, having transferred it to an insolvent officer of the company. If parties could thus avoid liabilities, the evil disposed would have no difficulty in defrauding the creditors of a corporation.

Appellants also invoke the aid of article 12, section 6, Constitution of Texas, which is, "No corporation shall issue stock or bonds except for money paid, labor done, or property actually received, and all fictitious increase of stock or indebtedness shall be void," claiming that the unpaid part of said stock is fictitious and void, and therefore they are not liable therefor. Mr. Cook, in his work on Stock and Stockholders and Corporation Law, section 26, says, that such a constitutional provision is applicable and effective only when the issue is entirely fictitious. In this case the number of certificates of shares of stock issued were within the limits of the charter of the company. The power to issue existed. The only vice alleged is that all the stock was not paid for. This does not render the issue void as between the company and stockholders. While the company could not collect the unpaid balance, a different rule applies to the creditors. There is *no one of the said shares* upon which a person can place his finger and say, " this share is not genuine." The only question that can arise is, how much is unpaid, and who is liable therefor. Mathis v. Pridham, 1 Texas Civ. App., 52.

Appellants are not in a position to assert the invalidity of the stock thus issued. Having accepted it, they must also accept the legal consequences arising therefrom.

This case differs from one where a stockholder receives certificates of stock showing on its *face not to be paid up*, and is transferred in *good faith*. In such a case there would be no fraud upon creditors, and such a transaction would be upheld.

We are of the opinion that the grounds interposed as a defense by appellants are unavailing, that no material error has been assigned, and that the judgment of the court below should be affirmed; and it is so ordered.

*Affirmed.*

Delivered January 17, 1894.