[No. 19406. Department One.—August 31, 1894.]

## AMOS E. JEFFERSON ET AL., APPELLANTS, v. R. E. HEWITT ET AL., RESPONDENTS.

APPEAL—CONFLICTING EVIDENCE.—Where the evidence is conflicting, the determination of the trial court cannot be reviewed upon appeal.

ID.—NON-NEGOTIABLE NOTE — DEFENSE—CONDITIONAL SUBSCRIPTION TO RAILROAD—SUPPORT OF FINDINGS.—In an action brought by the assignees of a non-negotiable note given to a railroad company in payment for shares of its stock, where the answer alleges that the note and agreement to take the stock were by the agreement of the parties made conditional upon the construction and completion of the railroad before the maturity of the note, and that said condition was not performed, and that the consideration of the note had wholly failed, and where the evidence is conflicting as to the terms of the agreement, and there is sufficient evidence to justify and sustain findings in support of the answer, such findings cannot be disturbed upon appeal.

CORPORATIONS—AUTHORITY OF SECRETARY—CONDITIONAL SUBSCRIPTION TO
STOCK—PRESUMPTION OF NOTICE OF CONDITIONS—RATIFICATION.—
Where it appears that the secretary of a corporation, who is also
director and stockholder, in making an agreement for a conditional sub-
scription to the stock of the corporation, and taking a note therefor,
was acting as the agent of the company with actual or ostensible
authority to do so, and not as the agent of the defendants, and that the
issuance of the stock and the acceptance of the note therefor were
expressly ratified by the board of directors of the corporation, it must
be presumed that when the note was delivered to the company the sec-
retary notified its officers of the conditions agreed upon as to its pay-
ment.

ID.—PRINCIPAL AND AGENT—CONSTRUCTIVE NOTICE.—Notice to an agent is
constructive notice to the principal; and this rule applies to corporations
as well as individuals.

ID.—VOID ISSUANCE OF STOCK—CONDITION AS TO PAYMENT OF NOTE—CON-
STRUCTION OF CODE—NOTE WITHOUT CONSIDERATION.—Section 359 of
the Civil Code, which provides that no corporation shall issue stock or
bonds except for money paid, labor done, or property actually received,
it seems must be construed as rendering void a certificate of stock issued
upon credit, and not as rendering void a condition as to the payment of
a non-negotiable note given therefor; but it seems that the note given
for such certificate was made without consideration.

ID.—ORAL CONDITION AS TO PAYMENT OF NOTE—FAILURE OF CONSIDER-
ATION.—It is not necessary that a condition as to the payment of a note,
in order to be valid, should be incorporated in the note, but if there is
an oral agreement that the note is not to be paid unless a railroad is
constructed before its maturity, in consideration of the note, upon fail-
ure of the construction of the road as agreed, there is a failure of con-
sideration for the note.

APPEAL from a judgment of the Superior Court of
Orange County, and from an order denying a new trial.

The facts are stated in the opinion.

*Houghton, Silent & Campbell,* for Appellants.

*James Scarborough,* and *Ray Billingsley,* for Respond-
ents.

BELCHER, C.—This action was brought by the as-
signees of a non-negotiable note to recover from the
makers the amount alleged to be due thereon.   The
note was for five thousand dollars, dated July 14, 1888,
and payable four months after date, and was given to
the Santa Ana, Fairview, and Pacific Railroad Company
in payment for fifty shares of stock in that company.

CIII. CAL.—40

On the first trial judgment was given for the defendants, and the plaintiffs appealed. The judgment was reversed and the cause remanded for a new trial (95 Cal. 535), the court, among other things, saying:

"The construction of the road to the ocean was no part of the consideration of the note; the findings negative the averment of the answer that the note was given 'upon the express condition' that the railroad should be completed within ninety days. The matters relied upon, to be available as a defense, must be shown to have been a condition agreed upon by the parties."

When the case went back to the court below the defendants filed an amended answer, in which, after making certain denials, they set up two affirmative defenses. In the first of these defenses it is alleged that on July 14, 1888, defendants agreed with the Santa Ana, Fairview, and Pacific Railroad Company to take fifty shares of its capital stock, and to deliver to said company their promise in writing to pay therefor the sum of five thousand dollars, and in pursuance thereof did on the same day deliver the note set out in the complaint; but that said agreement to take said stock, and the performance of said written promise, were by the agreement of the parties thereto at the same time made conditional upon the construction and completion of the railroad of said company from Fairview, its terminus at that time, to the Pacific ocean, before the maturity of said note, to wit, within sixty or ninety days; and that it was expressly agreed by and between said parties at the time of the delivery of said note that if said railroad should not be so constructed and completed within said period the defendants would not have to pay said note, or any part thereof; that said condition was not performed, and the road was not constructed in whole or in part from Fairview to the Pacific ocean within said period, or at all, and no part thereof has yet been built; that about September 10, 1888, defendants notified said company that said condition had not been performed and no steps had been

taken to comply with it, and thereafter, about November 15, 1888, and again about January 15, 1890, the said condition being still unperformed, they tendered to the officials of said company the said stock, and demanded the return of said note, which return was refused; "and defendants hereby renew the tender of said stock, and deposit the certificate for the same herewith in court, and demand the return of their promise in writing."

In the second defense it is alleged that the same agreement was made as that set up in the first defense, but that said agreement and note were made upon the sole consideration of the promise and agreement of the company, that it would complete its road from Fairview to the Pacific ocean before the maturity of said note, to wit, within sixty or ninety days from its date; that the company failed to so complete its road, or any part thereof; and by reason of such failure the consideration for said agreement to take stock and for said note had wholly failed; and the tendering back of the stock is then alleged in the same terms as before.

The case was again tried, and the court found the facts as to the said agreement and note to be as alleged in the answer, and gave judgment for defendants, from which and from an order denying a new trial the plaintiffs appeal.

In support of the appeal the principal contention is that the findings were not justified by the evidence. This contention cannot, in our opinion, be sustained. The negotiations for the sale and purchase of the stock were all between Dr. J. G. Bailey, who was then the secretary and a director and stockholder of the company, and the defendants, and they were the only witnesses as to the terms of the agreement. The testimony of the defendants was clearly sufficient to justify and sustain the findings, and the most that can be said is that some conflict was raised by the testimony of Dr. Bailey. That, however, was a matter for solution by

the trial court, and its determination cannot be reviewed on appeal.

It is also contended that whatever the agreement between Dr. Bailey and the defendants may have been, the company was not bound by it, for the reason that he was not acting as its agent, and had no power to sell the stock either conditionally or unconditionally. And counsel say:

"The company would have been bound if it were true that Bailey was its agent in the transaction, having authority to bind it; but he is neither shown to have been its agent, or to have had any authority whatever to act for it in the matter."

Whether this is so or not must be determined from the evidence. The material facts shown by the evidence are, in substance, as follows: As already stated, Dr. Bailey was the acting secretary and a director of the company, and all the negotiations for the sale of the stock to defendants were had between him and them. There was some unsold stock of the company, and Bailey and the other members of the board had talked a good many times about disposing of it, and he and they had tried to sell stock to others. Bailey went to the defendants and solicited and urged them to take the stock, and during the negotiations told them that he had the privilege or power to dispose of a part of the stock to his friends. He took the note to the company on the day he received it, and a few days later the president of the company, Mr. Buck, took the certificate of stock to Hewitt's house and offered it to him. Hewitt then asked Buck if it was true that the company was going to continue the road on from Fairview to the beach within sixty or ninety days, as agreed and stated to him by Dr. Bailey, and Buck said: "The road is going right on, notwithstanding any reports to the contrary." Hewitt then took the certificate, and he says: "I thought I might just as well have the certificate of stock, although I was negotiating for stock as completed from Fairview to the beach." In September following Hewitt wrote a

letter to the board of directors of the company, and delivered it to Mr. Catts, its then secretary, stating:

"I hereby beg leave to tender to you my stock in your company, issued to me on or about the seventeenth day of July last, and to the amount of five thousand dollars ($5,000).

"And I further ask you to cancel my note, given for the sum of five thousand dollars ($5,000) for the said stock.

"My reason for this step is that the conditions and representations upon which the said stock was issued to me have not in any manner been fulfilled or carried into effect by your company."

On the 8th of October following, the directors of the company passed a resolution, reading as follows:

"*Resolved*, That the issue of certificate number 20 for fifty shares of the capital stock of this corporation to R. E. Hewitt, on the fourteenth day of July, 1888, by the officers of this corporation, and the acceptance by them on behalf of this corporation of a certain promissory note made by R. E. Hewitt and Allie A. Hewitt, his wife, dated fourteenth day of July, 1888, for the sum of five thousand dollars, and given in payment in full for said shares of stock, be now by this board approved and ratified."

These facts very clearly show, as we think, that Bailey, in making the agreement with the defendants in regard to the stock and the note, was acting as the agent of the company, with actual or ostensible authority to do so, and not as the agent of defendants. And it must be assumed that, when he delivered the note to the company, he notified its officers of the conditions agreed upon as to its payment. At any rate it was his duty to do so, and there is no evidence tending to show that he did not perform that duty. But whether he did perform it or not, the company was bound by his action, since notice to an agent is constructive notice to the principal, and the rule applies to corporations as well as individuals. (Civ. Code, sec. 2332; *Bierce* v. *Red*

*Bluff Hotel Co.*, 31 Cal. 165; 1 Morawetz on Private Corporations, 2d ed., secs. 540 *b*, 540 *c*.

The point is made that when the defendants received the certificate of stock they became liable to pay for it, and the condition agreed upon as to payment, if made, was rendered void, leaving the obligation to pay in full force. In support of this position counsel cite section 359 of the Civil Code, which provides that " no corporation shall issue stock or bonds except for money paid, labor done, or property actually received."

But if that section has any bearing on the case, it seems to us it must be construed to render void the certificate, and not the condition as to payment, and hence that the note was made without any consideration.

The objection that the condition, to be valid, should have been incorporated in the note, cannot be sustained. The facts of the case in this regard are very similar to those in *Billings* v. *Everett*, 52 Cal. 661. There it appeared that defendant gave plaintiff's assignor a note due August 1, 1875, with the oral agreement that the note should not be paid unless a certain water ditch, from which a certain number of acres of defendant's land could be irrigated, should be completed at the time fixed for the payment of the note, and the ditch not being completed at the time fixed, it was held that there was a failure of consideration for the note in whole or in part.

Looking at the whole case we see no valid ground for reversal, and therefore advise that the judgment and order appealed from be affirmed.

Haynes, C., and Searls, C., concurred.

For the reasons given in the foregoing opinion, the judgment and order appealed from are affirmed.

Harrison, J., Garoutte, J., Van Fleet, J.

Hearing in Bank denied.