MASON v. FIRST NAT. BANK OF PAINT ROCK.

(Court of Civil Appeals of Texas. Austin. March 19, 1913.)

CORPORATIONS (§ 99*)—STOCK—SALE—PRICE—
NOTES—VALIDITY—"MONEY PAID"—"PROPERTY."

Const. art. 12, § 6, provides that no corporation shall issue stock or bonds except for money paid, labor done, or property actually received, and all fictitious issue of stock or indebtedness shall be void. *Held* that, since a note given for the purchase price of corporate stock is neither "money paid" nor "property" within the meaning of such article, a note given for corporate stock without any other thing of value being paid therefor was void and uncollectible.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 444–446; Dec. Dig. § 99.*

For other definitions, see Words and Phrases, vol. 6, pp. 5693–5728; vol. 8, pp. 7768–7770.]

Appeal from Runnels County Court; R. S. Griggs, Judge.

Action by the First National Bank of Paint Rock against B. R. Mason. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

John I. Guion and Smith & Wade, all of Ballinger, for appellant. Stone & Wade, of Ballinger, for appellee.

JENKINS, J. This is a suit on a promissory note, and to foreclose a lien on shares of stock in the South Heights Land & Loan Association of Paint Rock, a corporation. Appellant pleaded, among other things, that said note was executed for the stock in said corporation mentioned in appellee's petition, and that no other thing of value was paid for said stock, and that the appellee took said note with full knowledge of said fact. If this be true, appellee stands in the shoes of said Land & Loan Association; and the issue presented is: Did said plea, if true, present a good defense to a suit by said corporation for the collection of said note? Appellee demurred to said answer, and said demurrer was sustained by the trial court. The action of the court in sustaining said demurrer is the only issue for our determination.

Section 6 of article 12 of the Constitution of this state reads as follows: "No corporation shall issue stock or bonds except for money paid, labor done, or property actually received, and all fictitious increase of stock or indebtedness shall be void." We are cited by appellees to the case of Mathis v. Pridham, 1 Tex. Civ. App. 58, 20 S. W. 1015. That was a suit by the receiver of an insolvent corporation against its stockholders to recover for the benefit of creditors the difference between the amount paid by such stockholders for their stock and the par value of said stock—a very different question from the one here presented. When a corporation represents that it has a certain amount of paid up capital stock, that means that such capital stock has been paid for in cash or its equivalent at its par value. The capital stock of a corporation is a trust fund for the benefit of those who deal with it, and stockholders who purchase stock at less than par value perpetrate a fraud on creditors who have no notice of such fact. A suit by the receiver of an insolvent corporation is not a suit by such corporation to enforce an unlawful contract which it has made with its stockholders, but is, in effect, a suit by creditors, and the stockholders who have not paid par for their stock will not be allowed to plead their own wrong in defense of such suit. In Mathis v. Pridham, supra, the court said: "This suit is for the benefit of creditors and asserts a cause of action which the company could not." In Nenny v. Waddill, also cited by appellees, the court said: "While the company could not collect the unpaid balance, a different rule applies to creditors." 6 Tex. Civ. App. 248, 25 S. W. 309. The language relied upon by appellee in Mathis v. Pridham, and Nenny v. Waddill, supra, is that "stock issued for a valid consideration, though less than its face value, is not 'fictitious,'" and therefore appellee insists is not that character of stock declared by the Constitution to be void. It is not necessary to appellant's defense herein that the stock for which the note was given should be "fictitious" or "void"; it is sufficient that it was issued contrary to law. The doing of an unlawful act is no consideration for a promise to pay, and courts will not enforce the payment of a debt growing out of an illegal transaction. Seeligson v. Lewis, 65 Tex. 216, 57 Am. Rep. 593; Carriage Co. v. Hatch, 19 Tex. Civ. App. 120, 47 S. W. 288; Wegner v. Biering, 65 Tex. 510; Davis v. Sittig, 65 Tex. 498. The sale of stock by a corporation is forbidden by the Constitution except for money paid or property actually received. A note is not money paid nor is it property within the meaning of said article of the Constitution. McCarthy v. Loan Co., 142 S. W. 96; Irrigation Co. v. Deutschmann, 102 Tex. 207, 105 S. W. 486, 114 S. W. 1174; Jefferson v. Hewitt, 103 Cal. 630, 37 Pac. 638.

For the error in sustaining appellee's said exception, this cause is reversed and remanded.

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes