PRUDENTIAL LIFE INS. CO. OF TEXAS v. SMYER et al. (No. 879.) *

(Court of Civil Appeals of Texas. Amarillo. Jan. 5, 1916. On Motion for Rehearing, Feb. 9, 1916.)

1. INSURANCE ☞33—ISSUANCE OF STOCK FOR NOTE—CONSTITUTION.

The issuance of stock by an insurance company in return for a note and a deed of trust and the note so given were void, being in violation of Const. art. 12, § 6, providing that no corporation shall issue stock except for money paid, labor done, or property actually received, although a third person subsequently sold property to the corporation, taking the note in part payment.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 38; Dec. Dig. ☞33.]

2. INSURANCE ☞33 — INSURANCE COMPANIES —ISSUANCE OF STOCK FOR NOTE—STATUTE.

The issuance of stock by an insurance company for a note secured by deed of trust, and the note itself, were void, as in violation of Vernon's Sayles' Ann. Civ. St. 1914, arts. 4725, 4726, 4728, touching the organization of insurance companies, and providing that the amount of an insurance company's capital stock must be subscribed and fully paid up and in the hands of the corporators before articles of incorporation are filed, etc.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 38; Dec. Dig. ☞33.]

3. BILLS AND NOTES ☞375—NOTE VIOLATIVE OF STATUTE—RIGHT OF HOLDER.

A note executed in violation of a statute is void, even in the hands of one who would otherwise be a bona fide holder.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 971–981; Dec. Dig. ☞375.]

4. BILLS AND NOTES ☞277—INDORSER'S LIABILITY—LIABILITY ON VOID NOTE.

An insurance company which issued its stock, in contravention of Constitution and statute, in return for a note secured by deed of trust, and before maturity indorsed the note to a third person as part consideration for property transferred to it, was liable to the third person on its indorsement, though the note was void as between it and the maker, since an indorsement warrants the validity of the instrument and is a separate and independent contract.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. § 626; Dec. Dig. ☞277.]

On Motion for Rehearing

5. APPEAL AND ERROR ☞1175—DISPOSITION —RENDERING JUDGMENT—STATUTE.

By direct provision of Vernon's Sayles' Ann. Civ. St. 1914, art. 1626, where the judg-

ment below is reversed, and there is no matter of fact to be ascertained, damage to be assessed, and the matter to be decreed is not uncertain, the court will render such judgment as the court below should have rendered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4573–4587; Dec. Dig. ☞ 1175.]

Appeal from District Court, Swisher County; R. C. Joiner, Judge.

Action by J. F. Smyer against the Prudential Life Insurance Company of Texas and Nat M. Washer. From a judgment sustaining demurrer to the Insurance Company's answer, it appeals. Modified and judgment rendered.

Jas. A. King, of Albany, for appellant. Y. W. Holmes, of Plainview, for appellee Smyer. Ball & Seeligson and C. W. Trueheart, all of San Antonio, for appellee Washer.

HALL, J. This action was brought by J. F. Smyer against the Prudential Life Insurance Company and Nat M. Washer to cancel a note for $6,000 given in payment of 24 shares of the capital stock of the Prudential Life Insurance Company of Texas, and also to cancel a deed of trust on certain land in Swisher county, executed to secure the payment of said note, and for the recovery of $480 interest paid thereon. Plaintiff prayed for the cancellation of the stock certificates representing said shares in said corporation, alleging that the note and deed of trust had been transferred to Nat M. Washer, and prayed that, if judgment be rendered in favor of Washer on the note, he have judgment over against the life insurance company. The ground assigned for the cancellation of the note, trust deed, and stock certificates was that the note and trust deed were executed and delivered in payment for 24 shares of the capital stock of the company. It is alleged in plaintiff's petition that said note was given for the purpose of paying for 24 shares of stock in said company issued by the company to plaintiff, and for no other purpose. That part of the petition which shows the transfer of the note to Washer alleges, in substance, that Washer sold to the said life insurance company a certain building in San Antonio, at the total price of $176,000; that the building was reasonably worth $200,000 and that appellee's note, given with other like notes, was part of the consideration paid to Washer for said building; that at the time Washer took the said notes the officers of the defendant company represented to him that the same were good and valid obligations; that defendant relied upon said representations of the defendant company, and, had he known the notes, including the note of this defendant, were invalid, he would not have accepted the same. The court overruled the general demurrer of the life insurance company to the first amended original petition of plaintiff, and sustained the general demurrer of the defendant Washer to the same pleading.

The life insurance company filed an answer, setting up, in substance, the transaction as above set out between it and appellee Smyer, and the transfer thereof to Washer, alleging that it received for the note in question the full sum of $6,000 by way of interest in the property transferred in exchange for the notes. The court sustained a general demurrer urged by appellee to this answer. From these rulings of the court, this appeal is prosecuted.

[1-3] Appellant insurance company insists that the court committed error in overruling the general demurrer of the life insurance company to plaintiff's first amended original petition, because it appears therefrom that, even if said stock was issued for the notes and deed of trust, it was subsequently satisfied by the sale of the same to Washer, and that property was received therefor at the fair and reasonable value of said note, which it is insisted is in full compliance with the law, and had the effect of giving vitality and validity to the note. The petition having alleged that the stock was issued at the time the note was executed, it is well settled in this state that the transaction is in violation of article 12, § 6, of the state Constitution, and is void. This is held in unequivocal terms by our Supreme Court in San Antonio Irrigation Co. v. Deutschmann, 102 Tex. 201, 105 S. W. 486, 114 S. W. 1176, where it is said:

"Section 6, art. 12, of our state Constitution, reads as follows: 'No corporation shall issue stock or bonds except for money paid, labor done, or property actually received.' The terms 'money paid' are very definite and plain, and do not mean that stock can be sold for money to be paid, but must be sold for cash. Of course, it can be paid for in installments, but it must be paid for in money, or in property actually received, or by labor actually performed for the company. The contract which Deutschmann sets up, by which he was not to pay for the stock in money at the time of its issue, is plainly and unquestionably in violation of the Constitution of the state, and, being in violation of the Constitution, that agreement, in so far as it provided that Deutschmann should have all the time that he might find necessary in which to pay for his stock, was void."

In that opinion the invalidity of the transaction is declared because of the fact that it is in contravention of section 6, art. 12, of the state Constitution. We think, and as held by us in General Bonding & Casualty Insurance Company v. Mosely, 174 S. W. 1031, it was contemplated by the Thirty-First Legislature in the passage of the act published as chapter 108, and brought forward in Vernon's Sayles' Civil Statutes, arts. 4725 (e), 4726, and 4728 (relating to the organization of insurance companies), that an issuance of certificates of stock before the amount subscribed is "fully paid up and in the hands of the corporators" is in violation of the statute as well as of said act, and such issuance of stock, together with

the obligation of the subscriber taken in payment therefor, is ultra vires and void. A note executed in violation of a statute is void, even in the hands of one who otherwise would be a bona fide holder. Jones v. Abernathy, 174 S. W. 682. The same rule is announced by Judge McMeans, as being applicable to a note given in exchange for the stock of a corporation. F. & M. State Bank v. Falvey, 175 S. W. 833. See, also, Jefferson v. Hewitt, 103 Cal. 624, 37 Pac. 638; 1 Dan. Neg. Inst. (6th Ed.) §§ 197, 198, and 807. Both the constitutional provision and the act above referred to, under which insurance companies must be organized in this state, having, if not by express provision, by necessary implication, inhibited the execution of the note herein for stock in appellant insurance company, it must be declared void as between the insurance company and the appellee Smyer. Quoting from section 807, 1 Dan. Neg. Inst., supra:

"But, although the party executing such bill or note cannot be bound, even to a bona fide holder, the indorser will be liable upon his indorsement which warrants its validity and is a separate and independent contract."

[4] The pleadings of Washer show that the insurance company indorsed the note to him before its maturity and for value; therefore, according to his allegations, he is entitled to recover against the company on its indorsement, but not against Smyer. The company is not shown to be insolvent, and the question of Smyer's liability upon his subscription to the creditors of a corporation is not an issue presented by this appeal. So far as the record shows, the company is financially able to respond to a judgment against it for the amount of the note indorsed to Washer.

Our conclusion of the whole matter is that the judgment of the lower court, in so far as it sustains the general demurrer of Washer to the appellee's petition and decrees a recovery against him in favor of Washer, and in so far as it decrees a recovery against the company in favor of appellee, is reversed. We think the judgment in all other respects is proper, and to that extent it is affirmed.

Affirmed in part, and reversed and remanded in part.

### On Motion for Rehearing.

[5] Appellant insists that the court erred in holding that articles 4711, 4728, and 4734, Revised Statutes of 1911, are unconstitutional. This contention would be correct but for the fact that we did not hold any such thing. The judgment below was rendered in favor of appellee, and against the life insurance company, for $480 interest which had been paid by him on the notes sought to be canceled. In framing the judgment in this court, this item was overlooked. After reviewing the pleadings and the motions, we have concluded that, instead of remanding the cause, the judgment of the lower court should be rendered. Under article 1626, Vernon's Sayles' Civil Statutes, it is ordered and decreed that appellee Smyer have judgment canceling the note and deed of trust and removing the cloud from the title to the land described in the deed of trust; that he recover of the Prudential Life Insurance Company of Texas, the sum of $480, with interest at 6 per cent. thereon from the time said amount was paid by him. It is further ordered that Nat M. Washer recover of the insurance company the full amount of the note indorsed to him, and that he take nothing as against the appellee Smyer, and that, except the $480, and interest above named, Smyer take nothing against the appellant insurance company.

The opinion heretofore rendered and the judgment heretofore entered will be modified and reformed in accordance herewith.