CRAWFORD v. DAVIS et al.    (No. 1013.) *

(Court of Civil Appeals of Texas. Amarillo. June 7, 1916. Rehearing Denied Oct. 4, 1916.)

1. BILLS AND NOTES ⏎537(3) — ACTION — QUESTION FOR JURY—CONSIDERATION.

In an action on a note payable to the order of an investment company engaged in promoting a trust company and indorsed to the plaintiff, held, on the evidence, that whether it was given upon a subscription contract, and in consideration for the delivery of the shares of capital stock of the trust company, was for the jury.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1866–1870; Dec. Dig. ⏎ 537(3).]

2. BANKS AND BANKING ⏎314 — INVESTMENT COMPANIES—AGENCY FOR AGENT—EFFECT.

The agent of an investment company, which was itself an agent engaged in promoting the sale of shares of capital stock of a trust company, was an agent of the trust company as well as of the investment company.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. § 1218; Dec. Dig. ⏎314.]

3. BILLS AND NOTES ⏎375 — BONA FIDE HOLDER—CONSIDERATION FOR NOTE — ISSUANCE OF STOCK.

A note given in consideration of the issuance and delivery of the capital stock of a trust company through the medium of an investment company was void in the hands of a purchaser, even assuming that he paid value and had no notice of the status of the negotiation.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 971–981; Dec. Dig. ⏎ 375.]

4. BILLS AND NOTES ⏎352 — BONA FIDE PURCHASER—AMOUNT PAID.

Where a note payable to an investment company for stock of a trust company was valid, the amount paid therefor by an indorsee was immaterial, where the defense of fraud was not sustained.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 814, 898–908; Dec. Dig. ⏎352.]

Appeal from District Court, Potter County; Hugh L. Umphres, Judge.

Action by A. J. Davis against Miner Crawford and the Amarillo Securities Investment Company. Judgment for plaintiff, and defendant Crawford appeals. Reversed and remanded for new trial.

Martin, Kinder, Russell & Zimmermann, of Plainview, for appellant. Veale & Lumpkin, of Amarillo, and Chandler & Pannill, of Stephenville, for appellees.

HENDRICKS, J. A. J. Davis, the appellee herein, sued the appellant, Miner Crawford, and the Amarillo Securities Investment Company, a corporation, alleging the execution and delivery of a certain $1,000 note, payable to the order of the Investment Company, and indorsed by it to him, for a valuable consideration. The defendant Crawford answered that the Securities Investment Company, to whom the note sued upon was made payable, was a corporation organized solely

for the purpose of promoting the Bankers' Trust Company of Amarillo, Tex., and that said Investment Company, through its agent, sold stock and took subscriptions to the capital stock of said Bankers' Trust Company; that one J. D. Wrather, an agent of the Securities Investment Company, solicited from him a purchase of shares of stock in the Bankers' Trust Company; and that the consideration for the note was a certificate representing 50 shares of the capital stock on the said Bankers' Trust Company, alleged to have been a corporation under the laws of Arizona, with a permit to do business in the state of Texas. It was further alleged in the answer that plaintiff, Davis, at the time he acquired the note sued upon, purchased the same at such an unusual discount, of approximately 40 per cent., with the knowledge of defendant's solvency, that he was upon notice of the illegality of said note and was not an innocent purchaser for value.

The note, as stated, was payable to the order of the Amarillo Securities Investment Company, and contains the following stipulation:

"As collateral security for the foregoing note, and other notes, if any, this day given for stock, hereinafter named, and [have] delivered to the Amarillo Securities Investment Company, the following securities: Fifty shares of the capital stock of the Bankers' Trust Company of Amarillo, Texas."

Miner Crawford, the appellant, testified that at the time he executed the note he delivered the same to Mr. Wrather. He said:

"Mr. Wrather came to my house about October 10th [1913] and claimed to be selling stock in the Bankers' Trust Company of Amarillo."

He said that Wrather claimed that the organization of the company was to protect and take care of its stockholders and home people in the matter of loans. He further testified:

"I subscribed for the stock because I thought it would put me in position to get money at a cheap rate of interest and a sufficient amount to handle a string of cattle, which otherwise I could not get at a local bank. * * * At the time I subscribed for the stock I was informed that I could get a loan, etc. I suppose that I signed a written subscription to buy stock. I signed some kind of a contract. The note was given to secure my subscription to the stock."

It is often that one company is an organization, or promoting, company for another. The appellant, after testifying as to representations of Wrather that certain persons were stockholders in the Bankers' Trust Company, as an inducement to him to take the stock, further testified:

"The other inducement which caused me to subscribe for stock was that he agreed to furnish any amount of money the stockholders would require, or that they would need."

[1, 2] The testimony, though indefinite, is compatible with a theory that the note was solicited by Wrather as a subscription for stock to be issued by the Bankers' Trust Company at some period in the future to the defendant Crawford, in consideration of the note for the stock. Wrather, in making an agreement to furnish an amount of money needed by Crawford in his business, supports a conclusion that he was representing the Trust Company as agent, and that the Securities Investment Company was an intermediary in the trade. The testimony of Crawford that he signed the written subscription—"some kind of a contract"—for the stock in the Bankers' Trust Company, added to the declarations, and promises of Wrather as to the lending of money by the Trust Company, are inferably consistent with the idea that Crawford purchased in fact the stock from the Trust Company as the owner with the particular note, though in form given to the Investment Company. The statement of facts, carefully studied, shows more that Wrather was assuming to act as the agent of the Bankers' Trust Company than the Securities Company. It is true the defendant pleaded that Wrather was the agent of the Securities Company; it is also pleaded. however, that the Securities Company was the agent, promoting the Bankers' Trust Company, and it would follow from the pleading that Wrather was the agent of the latter company, as well as the former. Hence the testimony of Crawford, as to his subscription for stock in the Bankers' Trust Company, in connection with the declarations of Wrather, accompanying the subscription to the stock in the Bankers' Trust Company, would not make the conclusion of fact that he was the agent of the Bankers' Trust Company inconsistent with the pleading that Wrather was the agent of the Securities Company, for the pleading inferentially asserts that as the agent of the Securities Company Wrather was also the agent of the Trust Company. We think the testimony was sufficient, indefinite as it may have been, to submit to the jury the question whether. or not a subscription contract, for the issuance and delivery of 50 shares of capital stock, by the Bankers' Trust Company, in consideration of the $1,000 note, was the character of the transaction, and that the note executed to the Amarillo Securities Company was in consideration of such issuance and delivery by the Bankers' Trust Company.

[3, 4] We admit, of course, that the record is also susceptible of the opposite conclusion, if a jury saw fit to derive the same; that is, that the Amarillo Securities Investment Company, on account of the notes having been given direct to it, sold the stock to Crawford in consideration of the note and such a transaction, of course, would not be void. If the note was actually given in consideration of the issuance and delivery of this stock, emanating from the Bankers' Trust Company, though through the medium of the Amarillo Securities & Investment Company, the same is void in the hands of a purchaser, even assuming that he paid value and had no

notice of the status of the negotiation. This court first held the doctrine in the case of Prudential Life Insurance Co. v. Smyer, 183 S. W. 825, in an opinion rendered by Justice Hall. The Dallas Court of Civil Appeals, in the case of Republic Trust Co. v. Taylor, 184 S. W. 772, repeats the doctrine in an extended opinion by Justice Rasbury, which in some respects is similar to this case.

The appellant also advances the proposition that because Davis, the appellee, gave only two-thirds of the face value of the note in purchasing the same, with knowledge of the solvency of the maker, a short time before the maturity of the note, puts him upon inquiry of its invalidity. The primary questions are whether the stock was delivered by the Bankers' Trust Company, through the medium of the Securities Company, in consideration of the note, or whether negotiated by the Securities Company, in consideration of the same note? If the former condition exists, the note would be void, irrespective of notice. If the latter condition exists, the note is valid, and the amount paid is immaterial, as the defense of· fraud was not sustained.

The judgments against the Amarillo Securities Investment Company and Mark Logan, as indorsers, are not complained of, and are affirmed. The judgment against Miner Crawford is reversed and remanded for a new trial.