ATER v. ROTAN GROCERY CO. (No. 5667.)

(Court of Civil Appeals of Texas. Austin. Nov. 1, 1916. Rehearing Denied Dec. 13, 1916.)

1. BILLS AND NOTES ⬦⟳375—ISSUE OF STOCK FOR NOTE — CONSTITUTION — HOLDER FOR VALUE.

Under Const. art. 12, § 6, providing that no corporation shall issue stock or bonds except for money paid, labor done, or property actually received, and all fictitious increase of stock or indebtedness shall be void, a note given in payment for increased stock was void even in the hands of an innocent purchaser for value before maturity and without notice.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 971–981; Dec. Dig. ⬦⟳ 375.]

2. BILLS AND NOTES ⬦⟳537(1)—DIRECTED VERDICT—CONFLICTING EVIDENCE.

In an action on a note, where the evidence was conflicting on the issue of whether the note was given for stock in a corporation, it was error to peremptorily instruct a verdict for plaintiff.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1862, 1871–1875, 1891–1893; Dec. Dig. ⬦⟳537(1).]

Appeal from District Court, Bell County; John D. Robinson, Judge.

Suit by the Rotan Grocery Company against J. M. Ater. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

A. W. Gibson and Lewis H. Jones, both of Rogers, for appellant. Hair & Woodward, of Temple, and J. D. Williamson, of Waco, for appellee.

RICE, J. This suit was brought by appellee against appellant to enforce the collection of a promissory note for $1,300 executed by him on the 26th day of December, 1912, due December 1, 1915, payable to the order of the J. A. Copeland Mercantile Company (a corporation), and bearing interest at the rate of 10 per cent. per annum from date until paid, with usual attorney's fees clause. It was alleged by plaintiff that after the execution and delivery of the note, and before maturity thereof, for a valuable consideration, the same was transferred and delivered by the mercantile company to it, by reason of which it became the holder thereof for value, praying for judgment thereon.

Appellant answered, alleging that the note so executed was void on account of the fact that it was executed for stock in the J. A. Copeland Mercantile Company, a corporation.

Appellee by supplemental petition pleaded that it was an innocent purchaser before maturity for value, and that the note in question was not given for new stock to be issued at the time of the increased capital stock of the corporation, but that at the time of the execution of said note the appellant received stock in the then existing corporation, which had been fully paid for.

The case was tried by a jury, the court peremptorily directing a verdict in behalf of appellee, from which this appeal is prosecuted.

But one assignment is presented, which urges that the court erred in directing a verdict for appellee, because the evidence adduced upon the trial of this case was conflicting as to whether the Copeland Mercantile Company issued its increased capital stock in exchange for the note sued upon, or that the consideration for such note was capital stock previously owned by J. A. Copeland and A. A. Gunn, and which had been fully paid for; and the evidence is also conflicting as to whether or not, at the time the note sued upon was transferred by the Copeland Mercantile Company to plaintiff, its officers and agents knew that the consideration for this note was increased capital stock of said mercantile company theretofore issued and delivered to this defendant, contending that both of these issues should have been submitted to the jury under proper instructions from the court.

It is elementary that, whenever the evidence is conflicting upon a material issue, it becomes the duty of the court to submit such issue for the consideration of the jury; and to direct a verdict, under such circumstances, is error. See Johnston et al. v. Drought, 22 S. W. 290; Waters-Pierce Oil Co. v. State, 19 Tex. Civ. App. 1, 44 S. W. 936; Heatherly v. Little, 40 S. W. 445; Harris v. Higden, 41 S. W. 412; Bonn v. G., H. & S. A. R. Co., 82 S. W. 808; Hicks v. Armstrong, 142 S. W. 1195; Cement Co. v. Kezer,

174 S. W. 661; Hodge v. Toyah Valley Irr. Co., 174 S. W. 334.

[1] Without discussing the evidence in detail, we are of opinion that it was conflicting upon the main issue presented by the pleadings, to wit, as to whether the note in question was given in payment for increased stock issued by the Copeland Mercantile Company. If so, then the note, as well as the stock, was absolutely void under article 12, § 6, of our state Constitution, which is as follows:

"No corporation shall issue stock or bonds, except for money paid, labor done or property actually received, and all fictitious increase of stock or indebtedness shall be void."

In discussing the validity of a note given for stock in a corporation, in Commonwealth Bonding & Casualty Insurance Co. v. Curry, 183 S. W. 4, Mr. Justice Hall says:

"If it was understood that the note was taken in payment for the stock, both the note and the stock are clearly void, under the Constitution"—citing Mason v. Bank, 156 S. W. 366, and Sturdevant v. Falvey, 176 S. W. 908; San Antonio Irrigation Co. v. Deutschmann, 102 Tex. 201, 105 S. W. 486, 114 S. W. 1174.

And this, we think would be true notwithstanding the fact that appellee was an innocent purchaser before maturity for value, without notice. See Insurance Co. v. Smyer, 183 S. W. 825; Jones v. Abernathy, 174 S. W. 682, and cases there cited. See, also, Gilder v. Hearne, 79 Tex. 120, 14 S. W. 1031; 8 Cyc. 46; 3 Ruling Case Law, p. 1017, § 225. The same rule is announced in Bank v. Falvey, 175 S. W. 833. See, also, Jefferson v. Hewitt, 103 Cal. 624, 37 Pac. 638; 1 Daniel on Negotiable Instruments (6th Ed.) §§ 197, 198, and 807.

[2] Because in our judgment the evidence was conflicting upon the issues presented by the pleadings, it was improper for the court to peremptorily instruct a verdict in behalf of appellee. It therefore becomes our duty to reverse the judgment and remand the case for another trial, which is accordingly done.

Reversed and remanded.