PARLIN & ORENDORFF CO. et al. v.
GLOVER et al. (No. 6026.)

(Court of Civil Appeals of Texas. San Antonio.
May 8, 1918. Rehearing Denied
June 12, 1918.)

1. SALES ☞219(2)—FALSE REPRESENTATIONS
—TITLE.

If the purchaser of wagons in a financial
statement to the seller misrepresented either
his interest in the business or the liabilities and
assets and deceived the seller, title to the wagons
did not pass to the purchaser.

2. SALES ☞221—FALSE REPRESENTATIONS—
TITLE OF PURCHASERS FROM BUYER—BONA
FIDES.

If defendants were partners with a purchas-
er of wagons under a false statement of assets
or interest, from plaintiff, and afterwards pur-
chased the wagons from such person, they were
not innocent purchasers.

3. TRIAL ☞143—DIRECTION OF VERDICT.

Where the evidence is conflicting upon ma-
terial issues pleaded, direction of verdict is er-
roneous.

Error from District Court, Hays County;
Frank S. Roberts, Judge.

Action by the Parlin & Orendorff Company
and others against F. D. Glover and another.
Judgment for defendants, and plaintiffs bring
error. Reversed and remanded.

E. M. Cape, of San Marcos, and U. F. Short,
of Dallas, for plaintiffs in error. R. E. Mc-
Kie, of San Marcos, for defendants in error.

SWEARINGEN, J. Plaintiffs in error,
Parlin & Orendorff Company, a corporation,
filed this suit against Frank D. Glover and
Cullen Crews, defendants in error, to recover
a carload of Bain wagons, alleged to have
been obtained by McMeans from plaintiffs in
error through fraud. Plaintiffs in error
had the property sequestered while possession
was claimed by defendants in error, Glover
and Crews. A jury was impaneled to try the
cause, and special issues requested by plain-
tiffs in error to be submitted to the jury. Up-
on the conclusion of the testimony, the court
instructed a verdict for the defendants in
error, and rendered judgment thereupon that
defendants in error recover against plaintiffs
in error and the sureties on the replevin bond,
E. O. Tennison and Guy Simpson, the sum of
$1,140. Parlin & Orendorff Company and the
two sureties prosecute this appeal.

The issues indicated by the following
facts were sufficiently made by the pleadings:
From the evidence it appears that F. D.
Glover and Cullen Crews launched A. H. Mc-
Means in the mercantile business in San Mar-
cos in February, 1897, by furnishing him with
$7,500 in cash. Before the store was opened
for business, McMeans ordered the wagons,
here involved. Upon receipt of the order,
plaintiffs in error required a written state-
ment by McMeans of his financial condition.
In compliance with the demand, McMeans, in
a writing signed by him, stated that he was
the sole owner of the business, and that
his assets exceeded his liabilities as fol-

lows: Assets: Stock of merchandise, $8,-
500; cash in bank, $2,000; home, $3,000.
Total assets, $13,500. Liabilities: Current
accounts for merchandise, $3,000; surety on
note secured by mortgage, $150. Net as-
sets subject to execution, $7,350. Believ-
ing this statement to be true, and relying
thereon, plaintiffs in error sold the wag-
ons on credit. Had McMeans' statement not
shown that the liabilities were only 40 per
cent, or less, of the assets, plaintiffs in error
would not have sold the wagons on credit.
This financial statement made by McMeans
was false. There is no conflict in the testi-
mony concerning any of the facts so far
stated. The conflict in the testimony renders
it uncertain which particular fact in the
financial statement is falsely stated. There
is testimony that McMeans did not owe Glov-
er and Crews anything, but that they were
partners in the business to be conducted in
the name of H. A. McMeans. They contrib-
uted the cash capital of $7,500, and McMeans
contributed his services. The profits were to
be divided equally between the three.

[1] If the jury determined from this testi-
mony that there was a partnership of the
three doing business under the name of H. A.
McMeans, then the financial statement, made
by McMeans to procure the wagons, was not
false as to the liabilities and assets, but was
false because it failed to truly state the part-
nership. If the statement did truly state the
ownership of the business, then it falsely
stated the liabilities. In either event, the
fact is, the statement was false, and plaintiffs
in error were deceived thereby, and title to
the wagons, because of this false statement,
never passed into McMeans.

[2] Then again there is conflict in the testi-
mony relative to the fact asserted by defend-
ants in error that they were innocent pur-
chasers, for value, of the wagons from Mc-
Means; for there is testimony that defendants
in error were partners of McMeans, and testi-
mony that they were not. If they were part-
ners, they were not innocent purchasers from
McMeans. Further, upon the issue of innocent
purchasers, there is this other material con-
flict in the evidence: There is evidence that
the bill of sale was executed to defendants in
error by McMeans for the sole consideration
of using all the assets to pay all the indebted-
ness incurred in the said mercantile business.
Parlin & Orendorff Company's claim was a
part of the indebtedness, and was never paid.

[3] The fourth and fifth assignments com-
plain of the court's peremptory instruction
to find for defendants in error and refusal to
submit the issues made by the foregoing facts,
based upon appropriate pleadings, to the jury
for determination. In our opinion the evi-
dence is conflicting upon material issues
pleaded, and it was the duty of the trial court
to submit such issues to the consideration of
the jury. The court's direction of a verdict

under the circumstances of this case was error. Ater v. Rotan Grocery Co., 189 S. W. 1106; G., H. & S. A. Ry. Co. v. Cody, 92 Tex. 632, 51 S. W. 329. The fourth and fifth assignments are sustained.

The first three assignments contend that the trial court committed error in its order overruling three special exceptions to allegations in the third amended answer of defendants in error.

After consideration, we conclude that there is no merit in either of the first three assignments, all of which are overruled.

The judgment is reversed, and the cause is remanded.

FLY, C. J., entered his disqualification, and did not sit in this case.