## WESTERN NATIONAL BANK v. J. E. SPENCER.

No. 3106.   Decided October 18, 1922.

(224 S. W., 123).

### 1.—Innocent Purchaser—Notice—Note Given for Corporate Stock.

The purchaser of an unsecured promissory note in good faith, in due course of trade, and before maturity, but with notice that it was given for purchase money of capital stock in a corporation, the issuance of which except for money received, labor performed, or property actually received was forbidden by law (here the law of a sister State similar to that of Texas) takes the same subject to the maker's defense that the note was given for an illegal and forbidden consideration.   Washer v. Smyer, 109 Texas, 398, followed.   (p. 53).

### 2.—Certified Questions—Jurisdiction of Supreme Court—Hypothetical Question.

Questions of law purely hypothetical because based on no findings of fact made by the lower court (and here made immaterial to the decision by the findings of law upon another issue) can not be certified to the Supreme Court and are not within its jurisdiction to answer.   Evans v. Daniel, 94 Texas, 281, followed.   (p. 53).

Questions certified from the Court of Civil Appeals for the Second District, in an appeal from Eastland County.

The questions certified were by the Supreme Court referred for an opinion thereon to the Commission of Appeals, Section A.   This opinion, being adopted by the Supreme Court, was by it certified to the Court of Civil Appeals as its answer to the questions.

*Glover C. Johnson* and *I. W. Stephens,* for appellant.

The able opinion of Judge HUFF concurred in by Judge BOYCE, of the Court of Civil Appeals at Amarillo, in Lockney State Bank v. Martin, 191 S. W., 796, to the effect that a negotiable promissory note given to a corporation in payment for stock in such corporation is not void but only voidable and may be collected by an innocent holder, is undoubtedly correct.

The Western National Bank acquired the negotiable promissory note in controversy before its maturity in due course of business for a valuable consideration in good faith and without any knowledge or notice that it had been given to a corporation in payment for its stock; and the finding of the trial court that the bank had notice, without however specifying when it had such notice, that it was given for the capital stock of the Antero Valley Land Company was entirely without evidence to support it and was clearly against the evidence.   On notice to a corporation through its agents, see 2 Mechem on Agency, secs. 1849, 1850 and 1851; as applied to holder of negotiable paper given for an illegal consideration, see Gray v.

112 Tex.—4

Boyle, 104 Pac., 828, and authorities there cited; Bank v. Martin, 191
S. W., 796, and authorities there cited, particularly Thompson v.
Samuels, 14 S. W., 143; Bank v. Holland, 103 Texas, 266; 1 Daniel,
secs. 197 and 198; Tiedeman, sec. 178; 3 Ruling Case Law, Bills
& Notes, sec. 225; Crawford's Annotated Negotiable Instruments
Law, page 68; Portland Cement Co. v. Latta & Harper, 193
S. W., 1124, 1125. On Law of Colorado, see Crosby v. Stratton, 68
Pac., 130; Arapahoe Cattle & Land Co. v. Stevens, 22 Pac., 823;
Wheeler v. Mineral Farm Cons. Mining Co., 71 Pac., 1101.

But if the stock was fictitious and void the note given for it was
not void, but only voidable, and would be valid in the hands of an
innocent holder. Gray v. Boyle, 104 Pac., 828, and authorities there
cited; Cement Co. v. Latta & Harper, 193 S. W., 1124-5; Crosby v.
Stratton, 68 Pac., 130; Arapahoe Co. v. Stevens, 22 Pac., 823; Lock-
ney State Bank v. Martin, 181 S. W., 796, and authorities there
cited.

Even if the fictitious character of the stock had been alleged, and
if the court's finding of fact, that plaintiff bank had notice that the
notes given by Spencer payable to his order were given for the capital
stock of the Antero Land Company, was warranted by the evidence,
which we do not concede but deny, this did not warrant his conclusion
of law, nor did any other finding of fact warrant his conclusion of
law, that the bank had notice through its President, W. H. Eddleman,
that the note sued on was given for fictitious stock. Same authorities.

The note pledged to the Western National Bank was unquestion-
ably a negotiable promissory note, payable to the order of the maker
and endorsed by him in blank, and was taken by the bank in due
course of trade long before its maturity, for a valuable consideration.
Two defenses were interposed, one that it had been obtained from the
maker by means of false and fraudulent representations, and the
other that the consideration was illegal in that it had been given for
stock in a corporation issued in violation of the constitution and laws
of Texas. The court found that the bank acquired the note without
any notice of the fraud, but refused to give the bank judgment be-
cause the note had been given for stock in a foreign corporation,
holding that the bank had notice of this fact. The court further held
that the stock issued by this foreign corporation was fictitious and
void, but did not find as a fact that the bank had notice of this, al-
though he concluded as matter of law that the bank had notice that
the note was given for said fictitious stock. There was not a particle
of evidence that the bank had notice of the fictitious character of
the stock, and hence this conclusion of law must have been based on
the finding of fact that the bank had notice that the note had been
given for stock in a foreign corporation; but at the time the bank
is supposed to have received this notice—in November, 1913,—the

stock had not been issued and the note had not been executed and the defendant, who is supposed to have given the bank notice, did not himself know or suspect that anything was wrong with the stock. It is clear from the testimony of Frank England, the Denver lawyer, that in Colorado, where this corporation was organized, under given conditions a corporation of that State may lawfully sell its stock and take a note in payment therefor following the plan detailed in his testimony.

*J. R. Stubblefield* and *Earl Conner,* for appellee.

The trial court having found, and the evidence clearly sustaining such finding, that the note sued on was given for the purchase of original capital stock of the Antero Valley Land Company, it was void and unenforceable even in the hands of an innocent purchaser for value. Constitution, art. 12, sec. 16: Rev. Stats., art. 1146; Ater v. Rotan Grocery Co., 189 S. W., 1106; Sturdevant v. Falvey, 176 S. W., 908; Lockney State Bank v. Martin, 191 S. W., 796; Farmers' & M. State Bank v. Falvey, 175 S. W., 833.

The trial court having found, and the evidence clearly supporting such finding, that the note sued on was given for the purchase price of capital stock in the Antero Valley Land Company, a corporation, and that appellant had due notice of the purposes for which such note was given, and the evidence clearly showing that such notice was given prior to the taking of such note by appellant as collateral, the note was void and unenforceable. Crawford v. Davis, 188 S. W., 436; Kanaman v. Gahagan, 185 S. W., 619; Prudential Life Ins. Co. v. Pearson, 188 S. W., 513.

The trial court having found, and the evidence clearly supporting such finding, that the note sued on was a Texas contract, and this suit having been brought in a Texas court, the laws of the forum control, and will be applied in determining the validity of such contract, irrespective of the laws of any other State, or of their construction of such contracts. Washington Life Ins. Co. v. Gooding, 49 S. W., 123.

Construing the evidence most favorable to appellant it could at most be said to be conflicting on the question as to whether the stock for which the note was given was treasurer stock or capital stock of the Antero Valley Land Company, and the court having found that it was given for capital stock of such corporation, such finding is conclusive, and the laws of both Texas and Colorado hold such a note is void.

MR. PRESIDING JUDGE SPENCER, delivered the opinion of the Commission of Appeals, Section A.

According to the certificates of the Honorable Court of Civil Appeals for the Second District, the Western National Bank sued J.

E. Spencer to recover upon a promissory note, executed by the latter on November 17, 1913, in the sum of $2,000, payable to his own order in Denver, Colorado, and bearing his own endorsement as well as the endorsement of H. C. Ford.

The trial court found that the execution of the note had been procured by means of fraudulent representation and had been given for capital stock of a corporation organized under the laws of the state of Colorado and that the bank accepted it as collateral to a note executed by H. C. Ford and with full knowledge that it was for stock in the Colorado corporation. The trial court further found that the bank was at the time of its acquisition of the note without notice of the fraud in procuring the execution of it; that the laws of the state of Colorado with reference to the issuance of stock in corporations is the same as in this State and that the stock was in all things fictitious, and not issued for money received, labor performed or property actually received.

Based upon the foregoing findings of fact and conclusions of law, the trial court rendered judgment denying the bank a recovery upon the note, from which judgment the bank appealed.

In the certificate the Honorable Court of Civil Appeals states that the most serious question presented is the bank's contention that there is no evidence that its representative in accepting the note, had notice that it was given for capital stock in the corporation. This question, as well as other issues of fact supporting the trial court's judgment, was, however, resolved in favor of the trial court's finding.

The Honorable Court of Civil Appeals certifies the following questions:

"1st. If we are correct in the conclusion that the evidence supports the finding that the appellant bank had knowledge of the fact that the note sued upon was given for stock in the Colorado corporation, then does such knowledge of itself (the facts otherwise showing appellant to be a purchaser in good faith, in due course of trade, before maturity), subject the note in the hands of appellant to the defense pleaded by appellee and upheld by the trial court?"

"2nd. If we should be mistaken in the conclusion that the evidence supports the court's findings that the appellant bank had knowledge that the note in question was given for stock in the Colorado corporation and hence that it should be held that appellant in fact was a purchaser in good faith, in due course of trade, and for value, then is the note in controversy subject, to the defense urged against it, and on this subject see the following conflicting cases and authorities therein cited: Ater v. Rotan Grocery Co., 189 S. W., 1106, Lockney State Bank v. Martin, 191 S. W., 796.

"3rd. Will the fact, which is undisputed, that appellee gave the note in controversy for stock in the Colorado corporation coupled with the further fact as found by the court and which finding is

supported by evidence, that said stock was valueless and fictitious render the note in controversy at all events void and unenforcible by appellant as held by the court?"

The Honorable Court of Civil Appeals had found that the bank had notice that the note was for capital stock in the corporation. Question No. 1 will be answered in the light of the Court of Civil Appeals' finding but which finding is in no wise brought in review. The question should be answered "yes." The law prohibited the issuance of stock except for money received, labor performed or property actually received. An unsecured note is not property within the meaning of the law governing the issuance of stock (Washer v. Smyer, 109 Texas, 398, 211 S. W., 985; 4 A. L. R. 1320). The giving of the note for capital stock branded the transaction as illegal and subjected it, as between the parties to the transaction and those asserting rights under it, who had notice of its illegality, to the defenses pleaded. If the bank had knowledge that the note, which was unsecured, was for capital stock of the corporation, then it was put upon notice that the transaction was illegal.

In view of the Court of Civil Appeals' finding and the answer to question No. 1 upon such finding, questions numbers 2 and 3 become hypothetical and wholly immaterial to the decision of the case, and it is therefore improper for the Supreme Court to answer them. This identical question was before the Supreme Court in Evans v. Daniel, 94 Texas, 281, 60 S. W., 309. It was there said:

"This court has no power to determine questions of fact, and can only answer such questions as are based upon conclusions of fact drawn and stated by the court which submits them. The Honorable Court of Civil Appeals does not find as a fact that the land in question became the homestead of Daniel and his wife when they acquired it, but bases the question submitted upon the hypothesis, 'assuming the same became the plaintiffs' homestead at the time they acquired it.' In effect, the statement is, what is the rule of law that should govern this case if the Court of Civil Appeals should find that it was the homestead of Daniel and his wife at the time that the deed was made to Daniel from Parker? In its additional findings, the court expressly reserves another question which is prominent in the statement,—whether the lien of the notes held by Evans and others would not be binding upon the land if that court should find that the homestead right attached, but that Evans had no notice of that fact at the time that he purchased the notes, and that he was a purchaser for valuable consideration and without notice of the homestead claim. Taken altogether, the statement leaves the matter in shape that any answer to the question might become immaterial to the decision of the case. It is not shown by the statement accompanying the question that it is 'the very question' in the case which is authorized by the law to be submitted to this court for decision. We, therefore, have no jurisdiction to answer the question, and the certificate is dismissed."

We recommend, therefore, that the questions certified be disposed of as herein indicated.

### BY THE SUPREME COURT

The opinion of the Commission of Appeals answering certified questions is adopted and ordered certified to the Court of Civil Appeals.

*C. M. Cureton, Chief Justice.*